MARTHA LOU (REEVES) MARSHALL *v.* RONALD DAVID REEVES.

[No. 674S112. Filed October 3, 1974.]

*Phillip H. Minton, Thomas J. Jeffers,* of Indianapolis, for appellant.

*Lawrence H. Hinds*, of Indianapolis, for appellee.

## ON MOTION TO TAX COSTS ON APPEAL

HUNTER, J.—Before this Court is a motion to tax costs on appeal which was filed subsequent to our opinion on the merits in the same case. Appellee seeks to include transfer and attorney fees as "costs" to be borne by appellant. However, neither a transfer fee nor attorney fees are included as costs under AP. 15 (G) :

"(1) Who recovers. When the judgment is affirmed in whole, the appellee shall recover costs; and when the judgment is reversed in whole the appellant shall recover costs in the court on appeal and the court below. In all other cases costs shall be awarded as the court may deem right following, as nearly as possible, the general regulation for awarding costs.

"(2) What included. The fee paid for procuring the transcript, the costs of serving and notice of appeal are a part of the costs of the court on appeal. Each party to the action shall bear the cost of printing his own briefs."

The instant appeal involved child custody and no monetary damages were at issue at any stage of the proceedings. This is not a proper case for assessing damages pursuant to AP. 15 (F) :

"If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution."

A discretionary award of damages is proper where an appeal is frivolous, or without substance or merit. *Marks* v. *Bremmer* (1917), 186 Ind. 434, 116 N.E. 738. Further, a penalty may be assessed where an appeal is taken merely to harass or delay the appellee, "thus presenting an illustration of vexatious litigation, that crowds our courts to the detriment of meritorious actions, and which should not go unrebuked." *Vandalia R. Co.* v. *Walsh* (1909), 44 Ind. App. 297, 299, 89 N.E. 320.

No discretionary award of damages is proper here. The instant appeal was taken in good faith upon legal and equitable

grounds which a majority of the Court of Appeals and one member of this Court found to be persuasive.

For the foregoing reasons, the motion to tax costs on appeal is hereby denied.

Motion denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported at 316 N.E.2d 828.