In the Matter of the Trust Created Under the Last Will and Testament of Ellen D. WATSON, Deceased: Francis D. Watson and Mary Cecile Donahue, Trustees,

**Mary Cecile DONAHUE, Defendant-Appellant,**

v.

**LAFAYETTE BANK AND TRUST COMPANY, as Successor Trustee Under the Trust Created by the Last Will and Testament of Ellen D. Watson, Deceased, Plaintiff-Appellee.**

No. 2–882A266.

Court of Appeals of Indiana, Second District.

June 15, 1983.

Rehearing Denied July 27, 1983.

Thomas W. Munger, Lafayette, for defendant-appellant.

John C. Duffey, Thomas L. Ryan, Stuart & Branigin, Lafayette, for plaintiff-appellee.

RATLIFF, Judge (writing by designation.)

## STATEMENT OF THE CASE

Appellant Mary Cecile Donahue appeals a decision of the Tippecanoe Circuit Court special judge approving the successor trustee's account and denying the appellant's objections thereto. We affirm, but remand for execution.

1. Appellant correctly notes in her reply brief that the facts section in appellee's brief contains argument. While we are not unaware of appellee's frustration as regards this litigation, we would caution counsel that our rules forbid the inclusion of argument in the facts and direct counsel to refrain from such conduct in the future.

## FACTS[1]

Ellen D. Watson died leaving a trust created by her will. The trust provided that her children, Francis D. Watson and Mary Cecile Donahue, should receive the income from the trust for their lives, with the corpus to be divided among Ellen's grandchildren. Upon the death of either child, the issue of the decedent were to receive the parent's share *per capita.* Francis and Mary were appointed co-trustees. After Francis's death, Donahue continued as the sole trustee. In May 1978, Francis's children objected to Donahue's accounting, alleging that Donahue had violated the trust corpus and distributed receipts from the sale of a part of the corpus as income. The trial court sustained the grandchildren's objections, found Donahue personally liable to the trust for $35,570.05, and removed her as trustee.[2] Appellee Lafayette Bank and Trust Company (bank) succeeded as trustee.

In March 1982, after Donahue's unsuccessful appeal from the original accounting and objections thereto, bank filed its amended account in which it sought to distribute the undistributed income of the trust to Francis's issue and to withhold from Donahue her share of the income until the $35,570.05 judgment against her, plus interest, was satisfied. Donahue objected to the accounting. A special judge was selected to hear the cause. All objections were resolved by negotiation, except the two submitted as issues in this case. From a finding approving the appellee bank's accounting and rejecting Donahue's objections, Donahue now appeals.

## ISSUES

Appellant raises two issues for our review. Rephrased,[3] they are as follows:

2. The trial court entered summary judgment for the grandchildren in a simultaneous civil suit brought by them on the same grounds.

3. We note for the future benefit of appellant's counsel that the brief on appeal should be more than a verbatim restatement of alleged errors raised in the motion to correct errors. The mere addition of an introduction and conclusion to such a compendium of error is insuffi-

1. Did the special judge err in determining that the trial court's order of October 24, 1978, was a final judgment requiring Donahue to reimburse the trust?

2. Did the special judge err in approving the amended account and thereby allowing the trustee to set-off Donahue's income against the prior judgment and to charge her interest?

Appellee raises a third issue for our consideration:

3. Does appellant's appeal evidence bad faith so as to require the assessment of damages pursuant to Indiana Rules of Appellate Procedure, Rule 15(G)?

## DISCUSSION AND DECISION

*Issue One*

The special judge did not err in concluding that the order of October 24, 1978, was a final judgment requiring appellant to repay $35,570.05.

■ Donahue raises as claimed errors a panoply of redundant sub-issues in support of her contention that the special judge erred in allowing the successor trustee to apply Donahue's undistributed income in satisfaction of the prior judgment. However, reduced to single contentions, Donahue argues (1) that there was no evidence of indebtedness, because there was no valid judgment, and (2) that the special judge exceeded his jurisdiction in allowing the bank to apply Donahue's undistributed income against such allegedly non-existent judgment. Appellant's argument is both without merit and frivolous.

Donahue first argues that there was no valid money judgment against her entered by the trial court's order of October 24, 1978. She further argues that on the original appeal of this action, this court expressly found that no money judgment had been entered. She, therefore, contends the law of the case doctrine requires a reversal of the special judge's order of May 18, 1982, as

cient to effect the efficient administration of justice, wherefore this court requires concise,

contrary to law and unsupported by the evidence.

The trial court, in its order of October 24, 1978, stated, in part:

"It is further ORDERED, ADJUDGED AND DECREED that Mary Cecile Donahue is personally liable to the Trust, and to petitioners, for funds improperly distributed to herself and for improper dissipation of trust principal during the period of said Reports in the total sum of $35,570.05."

Supplemental record at 3. On appeal, this court then noted:

"Mary contends it was error to hold her personally liable for the proceeds of the sale of property which she distributed to herself as income beneficiary since the sale and distribution of proceeds as income was not an abuse of discretion. Since we have determined that the distribution of the proceeds as income was contrary to the terms of the Trust we have already resolved this issue."

*Donahue v. Watson,* (1980) Ind.App., 411 N.E.2d 741, 748 n. 1, *trans. denied.* Both the trial court and this court found Donahue personally liable to the trust.

Appellant is correct in arguing that the law of the case doctrine should apply in subsequent appeals. That doctrine provides that

"once a question has been decided on appeal, it will not be redetermined in a subsequent appeal if the facts and parties are essentially the same.... While the purpose of the doctrine is not to foreclose legitimate appeals of issues not previously decided, it should be invoked in the interests of judicial economy and prompt dispensation of justice to preclude the promotion of potentially endless litigation and appeals."

*State v. Kuespert,* (1981) Ind.App., 425 N.E.2d 229, 233, *trans. denied* (1982). It is clear that the trial court originally entered a judgment against Donahue for $35,570.05 due to depletion of the corpus of the trust.

intelligible argument.

This court affirmed that judgment. The special judge then properly took judicial notice of the trial court's order and judgment. It is ludicrous to suggest that no judgment existed. Appellant cannot now argue that the special judge erred in determining that a valid judgment existed. Further, there is no doubt but that the co-beneficiaries, through the successor trustee, can compel the set-off of Donahue's distributive share in order to reimburse the trust. Restatement (Second) of Trusts §§ 251 & 257 (1959). The special judge did not err in allowing the bank to set-off the undistributed income against such judgment.

Donahue also argues that the special judge exceeded his jurisdiction in allowing the bank to apply undistributed income against the judgment. Again, appellant is correct in noting that the authority of a special judge is limited to the particular matter for which he was appointed. *Matter of Estate of Kingseed,* (1980) Ind.App., 413 N.E.2d 917, 921, *trans. denied* (1981). Such a duly appointed special judge has the power and authority of a regular judge, and acts within his authority become those of the court. *Kingseed.* In the instant case, the special judge was appointed to preside in an action involving issues arising from the bank's amended account and Donahue's objections thereto. It is clear that the special judge had authority to examine all aspects of the accounting. *Accord Kingseed.* One such aspect was the bank's request to distribute monies withheld during the appeal of the prior suit and to apply such monies, in Donahue's case, against satisfaction of the prior judgment. In allowing the trustee to withhold Donahue's distributive share against payment of the judgment, the special judge was only addressing the issues raised by Donahue herself.[4] Accordingly, we cannot say that the special judge exceeded his authority in allowing the bank to set-off such sums.

*Issue Two*

The special judge did not err in approving the amended account and thereby allowing the trustee to set-off Donahue's income against the prior judgment and to charge her interest.

Donahue argues, again via myriad sub-issues, that the special judge erred in allowing interest against the judgment. Appellant contends that the quarterly payments required by the trust were improperly withheld, when they should have at least been distributed and applied against the judgment in order to lessen the impact of the interest assessment. Appellant's contentions are, again, both frivolous and without merit.

In his order of May 18, 1982, the special judge made findings of fact as follows:

"11. On March 27, 1979, Donahue filed notice of intent to appeal with a motion to fix an appeal bond and to stay enforcement of the 'judgment', which motion was thereafter granted by the Tippecanoe Circuit Court; and thereafter a praecipe was filed by Donahue and said judgment of said Court was duly appealed to the Indiana Court of Appeals.

. . . .

13. During the pendency of the litigation, an oral informal agreement or understanding was entered into between counsel for the Watson heirs and counsel for Donahue, by the terms of which the Trustee was not to make any distribution of income to any beneficiary until all litigation was completed, including the appeal of the trial court's findings and judgment."

Record at 50. To now argue that the court should have compelled the trustee to distribute the accumulated income so as to lessen the interest burdening the judgment is totally inconsistent with the agreement previously made by appellant's counsel and the stay of judgment granted by the trial court. We will not allow this.

---

**4.** In fact, in her amended motion for change of judge, Donahue moved the court "for a change of Judge on the matters and issues arising on the Successor Trustee's Account and Petition to Settle and Allow Account and For Authority to Distribute Trust Income and the objections thereto filed by said beneficiary." Record at 21.

Appellant also argues that the order of the trial court requires appellant to pay interest on the full face amount of the judgment until paid-off. A cursory examination of the record is enough to dispel this notion. Interest is only required on the unpaid balance of the judgment. There is no error.

*Issue Three*

We finally come to the issue raised by the bank's request for damages pursuant to Indiana Rules of Appellate Procedure, Rule 15(G). That rule states:

> "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution."

Appellee correctly notes that such damages are an extraordinary measure. *Accord Sandock v. Taylor Construction Corp.,* (1981) Ind.App., 416 N.E.2d 882, 886, *trans. denied.* Our supreme court has noted:

> "A discretionary award of damages is proper where an appeal is frivolous, or without substance or merit. Further, a penalty may be assessed where an appeal is taken merely to harass or delay the appellee, 'thus presenting an illustration of vexatious litigation, that crowds our courts to the detriment of meritorious action, and which should not go unrebuked.' [Citations omitted.]"

*Marshall v. Reeves,* (1974) 262 Ind. 403, 404, 316 N.E.2d 828, 830, *quoting Vandalia Railroad Co. v. Walsh,* (1909) 44 Ind.App. 297, 299, 89 N.E. 320, 320.

■ In the instant case, the litigation involving the removal of Donahue as trustee and the satisfaction of the judgment against her has been protracted. After losing two prior appeals,[5] Donahue is again before this court. Unfortunately, on this occasion, her counsel has outrageously misstated the record and the holding of the first appeal of this case. Appellant argues that there was no justification for withholding the quarterly interest payments, yet appellant requested that this be done. She argues that the court exceeded its jurisdiction in ruling as it did, when her request for a change of judge set the limits of the special judge's jurisdiction. She argues that the trial court's order requires her to pay interest on the full amount of the judgment until paid-off, when this is clearly not true. The brief of appellant is replete with misstatement and outright fallacy. There is no merit whatsoever, that this court can find, in appellant's contentions of error. Donahue's actions exhibit her marked disrespect for our system of justice and the concomitant rights of the appellee and grandchildren. The combination of these factors leads us inescapably to the conclusion that bad faith is evidenced by this appeal. Accordingly, we grant appellee's request for ten percent (10%) damages and strongly admonish counsel and client against further abusive exercises of our jurisdiction.[6]

We, therefore, affirm the judgment of the special judge in all respects, and remand solely for execution of the ten percent (10%) damages assessment.

Affirmed and remanded.

BUCHANAN, C.J., and SHIELDS, J., concur.

---

5. *See Donahue v. Watson,* (1980) Ind.App., 411 N.E.2d 741, *trans. denied; Donahue v. Watson,* (1980) Ind.App., 413 N.E.2d 974, *trans. denied.*

6. Noting Donahue's predilection for litigation, we now expressly note that, while not an issue in this appeal, it is clear in this case that the attorney fees incurred by the trust in defending this suit are properly chargeable to the income of the trust, and not to the principal. Ind.Code § 30–4–5–11(a)(3) & (4) (1982).