**Michael F. HAMBLEN,**
**Plaintiff-Appellant,**

v.

**DANNERS, INC., Defendant-Appellee.**

No. 2–1084A324.[1]

Court of Appeals of Indiana,
First District.

June 5, 1985.

---

6. Glasgow's request for enhanced damages pursuant to Appellate Rule 15(G) is denied.

1. Diverted from the Second District by direction of the Chief Judge.

Robert S. Rifkin, Maurer & Rifkin, Indianapolis, for plaintiff-appellant.

Robert K. Bellamy, Stanley C. Fickle, James O. Perrin, Barnes & Thornburg, Indianapolis, for defendant-appellee.

ROBERTSON, Judge.

Plaintiff-appellant Michael Hamblen (Hamblen) appeals from a summary judgment entered in favor of defendant-appellee Danners, Inc. (Danners).

We affirm.

In 1975, Danners hired Hamblen to load trucks at the company's warehouse. Subsequently, Hamblen was promoted into a supervisory position. After Hamblen was given a supervisory position, he signed an Executive Employment Agreement. Hamblen did not take the agreement seriously. It was Hamblen's understanding that Danners simply wanted a contract on file. Moreover, it was not unusual for six months to elapse before an expired contract would be renewed.

The Executive Employment Agreement included the following provision:

> If, during the effective period of this Agreement EXECUTIVE shall, in the sole judgment and opinion of DANNERS, fail to perform his/her duties faithfully and diligently, DANNERS may terminate this Agreement on thirty (30) days' prior written notice to EXECUTIVE.

By its terms, the agreement was to expire January 29, 1983.

While the agreement was in effect, Hamblen was discharged for his refusal to take a polygraph examination in connection with a theft investigation by Danners. Hamblen brought action against Danners, alleging that his discharge violated both the employment contract and the public policy of Indiana. Danners moved for summary judgment, and the motion was granted.

Two issues are raised by Hamblen on appeal:

Whether the trial court erred in granting Danners' motion for summary judgment,

because Hamblen's discharge violated the express and implied terms of the employment agreement; and whether the trial court erred in granting Danners' motion for summary judgment, because Hamblen's discharge violated public policy.

ISSUE ONE

■ In reviewing the grant of a summary judgment motion, the court of appeals employs the same standard as that applied in the trial court. The task of the appellate court is to determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Mead Johnson & Co. v. Oppenheimer*, (1984) Ind. App., 458 N.E.2d 668, 670.

■ Danners' motion for summary judgment described Hamblen as an at-will employee. Hamblen contends that such a characterization constitutes an incorrect application of the law. Employment at will exists when an employee may be terminated for any reason or for no reason at all. *Id.* In Indiana, the employment relationship is terminable at will unless there is a promise of employment for a fixed duration or consideration given by the employee in addition to his services. *Ryan v. J.C. Penny Co.*, (7th Cir.1980) 627 F.2d 836; *McQueeney v. Glenn*, (1980) Ind.App., 400 N.E.2d 806; *Rochester Capital Leasing Corp. v. McCracken*, (1973) 156 Ind.App. 128, 295 N.E.2d 375.

■ Hamblen asserts that he was not an employee at will, because the terms of the Executive Employment Agreement included a promise of employment for a fixed duration. Although the agreement was effective from January 31, 1982 to January 29, 1983, it did not promise employment for one year. For one thing, the contract specified that Danners could terminate employment at any time during that period based on its sole judgment and opinion of Hamblen's performance. Furthermore, neither Hamblen nor Danners intended the contract to provide additional job security. The agreement did not cover all aspects of the employment relationship; Hamblen understood the agreement to govern the incentive bonus and little else. Hamblen ad-

mitted that his rights as an employee were the same whether he was working under the Executive Employment Agreement or under an expired contract. Therefore, Hamblen's at-will status was not altered by the existence of an Executive Employment Agreement effective until January 29, 1983.

Alternatively, Hamblen argues that he was not an employee at will, because he was given oral assurances of permanent employment. A similar argument was presented in *Montgomery Ward & Co. v. Guignet*, (1942) 112 Ind.App. 661, 45 N.E.2d 337. Guignet alleged that he was employed permanently so long as he faithfully performed his duties. The court held this promise insufficient to establish a contract for permanent employment, because there was no consideration in addition to the services contracted to be rendered.

■ To convert employment at will to employment requiring good cause for termination, independent consideration supplied by the employee, which results in detriment to him and a corresponding benefit to the employer, must be given in return for permanent employment. *Ohio Table Pad Co. of Indiana v. Hogan*, (1981) Ind. App., 424 N.E.2d 144. Hamblen reasons that the non-competition clauses included in the Executive Employment Agreement constituted consideration for the oral promise of permanent employment. Yet the covenants not to compete were not given in return for the oral promise of permanent employment. The non-competition clauses were part of the written employment contract which Hamblen did not read closely or take seriously. Clearly, the restrictive covenants were included in the contract prepared by Danners as consideration for terms in the written agreement itself. Thus, the non-competition clauses were not independent consideration for an oral promise of permanent employment. Because there was no consideration given in return for a promise of permanent employment, Hamblen was an employee at will despite any oral assurances to the contrary.

Hamblen proposes that even if his discharge did not breach the express terms of the employment agreement, the discharge violated an implied duty of good faith and fair dealing. Indiana does not recognize that a duty of good faith and fair dealing is owed by an employer to an employee at will. *Perry v. Hartz Mountain Corp.*, (S.D.Ind.1982) 537 F.Supp. 1387; *Campbell v. Eli Lilly & Co.*, (1980) Ind. App., 413 N.E.2d 1054.

## ISSUE TWO

A public policy argument forms the basis for the second issue raised by Hamblen on appeal. According to Hamblen, discharging an employee for his refusal to submit to a polygraph examination violates public policy.

The determination of what constitutes public policy is a function of the legislature. *Martin v. Platt*, (1979) 179 Ind.App. 688, 692, 386 N.E.2d 1026, 1028. Thus, Indiana courts have consistently refused to create a public policy exception to the employment at will doctrine in the absence of a statute defining the public policy. *E.g., Rice v. Grant County Board of Commissioners*, (1984) Ind.App., 472 N.E.2d 213; *Campbell v. Eli Lilly & Co., supra; Martin v. Platt, supra.* Indiana, unlike several other states, has no legislation regarding the use of polygraph examinations as a condition of employment. *See,* Annot., 23 A.L.R. 4th 187, 188. In the absence of statutory directives, we decline to find a violation of public policy in the dismissal of an employee who refuses to take a polygraph examination.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, P.J., concurs in result.