**Matter of Guardianship of Pearl C. PO-SEY, Adult Incompetent, Raymond Harkrider as Executor of the Estate of Georgia Cory, Deceased, Betty Rogers and June Nelson, Appellants,**

v.

**LAFAYETTE BANK AND TRUST COMPANY, Hanna, Gerde & Meade, Ball, Eggleston, Bumbleburg & McBride, Floyd Wilcox, Stuart & Branigan, Ann G. Davis and Vaughan, Vaughan & Layden, Appellees.**

No. 23S01-8708-CV-771.

Supreme Court of Indiana.

Aug. 25, 1987.

Rehearing Denied Nov. 9, 1987.

Douglas R. Brown, Stewart, Irwin, Gilliom, Meyer & Guthrie, Indianapolis, Richard M. Holmes, Holmes & Kordys, Covington, for appellants.

Stuart & Branigin, Hanna, Gerde & Meade, Ball, Eggleston, Bumbleburg & McBride, Ann G. Davis, Vaughan, Vaughan & Layden, Lafayette, for appellees.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

This is one of three cases [1] in which we have been asked to review the propriety of a punitive award of attorney fees under Appellate Rule 15(G) of the Indiana Rules of Procedure. In the other two cases, we reversed decisions of the Court of Appeals imposing attorney fees. In order to provide guidance to the bench and bar as to circumstances when such fees are appropriate, we grant transfer herein solely for the

---

**1.** *Orr v. Turco Mfg. Co.* (1987), Ind., 512 N.E.2d 151; *Lesher v. Baltimore Football Club* (1987),

Ind., 512 N.E.2d 156.

purpose of addressing the AR 15(G) issue. Pursuant to Appellate Rule 11(B)(3), we decline to address the remaining issues and summarily affirm the opinion of the Court of Appeals thereon.

Following its discussion of issues presented by the appeal, the Court of Appeals below, finding that the appeal was without merit and taken in bad faith, remanded to the trial court for determination of the appropriate appellee's attorney fees to be imposed upon appellant.

The Court of Appeals found bad faith from appellant's disregard of the form and content requirements of Appellate Rules 8.2(A)(1), 8.3(A)(4), 8.3(A)(5), and 8.3(A)(7); failure to disclose his previous appeal raising many of the same issues; omission and misstatement of facts established in the record; and because appellant's brief appeared "to have been written in a manner calculated to require the maximum expenditure of time both by [appellee] and by this Court." *See, Briggs v. Clinton County Bank and Trust Co.* (1983), Ind.App., 452 N.E.2d 989, 1010.

These are circumstances significantly more grave than mere lack of merit. Gross abuse of the right to appellate review "crowds our court to the detriment of meritorious actions, and should not go unrebuked." *Marshall v. Reeves* (1974), 262 Ind. 403, 404, 316 N.E.2d 828, 830 (quoting *Vandalia Railroad Co. v. Walsh* (1909), 44 Ind.App. 297, 299, 89 N.E. 320).

We affirm the decision of the Court of Appeals remanding this cause to the trial court for an award of such attorney fees as may be determined to be appropriate.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.