Norman **WILMINGTON,**
Plaintiff–Appellant,

v.

The **HARVEST INSURANCE COMPANIES, d/b/a the Harvest Life Insurance Company, the Harvest Insurance Agency, Inc., and the Harvest Publishing Company, Defendants–Appellees.**

No. 41A01–8706–CV–139.

Court of Appeals of Indiana,
First District.

April 20, 1988.

---

Gary K. Kemper, Jenner & Kemper, Madison, for plaintiff-appellant.

Brian K. Burke, Todd M. Nierman, Baker & Daniels, Indianapolis, Stephen L. Huddleston, Franklin, for defendants-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Norman Wilmington (Wilmington), appeals the granting of summary judgment by the Johnson Circuit Court in favor of the Harvest Insurance Companies, d/b/a/ The Harvest Life Insurance Company, The Harvest Insurance Agency, Inc., and the Harvest Publishing Company (hereinafter referred to collectively as Harvest unless separately stated), in his action for retaliatory discharge.

We affirm.

## STATEMENT OF THE FACTS

No dispute exists in the operative facts before the court. Harvest Life was authorized to sell insurance in Indiana, and Harvest Agency was its general agent. The manner of participation in the insurance activities by Harvest Publishing is not clear. On August 10, 1982, Harvest entered into written contracts with Wilmington as an independent contractor whereby Wilmington agreed to sell insurance in Indiana for Harvest. By the express terms of the contract no employer-employee relation existed between Harvest and Wilmington. Each party was free to terminate the agreement at any time upon written notice to the other party. The agreement expressly stated that Wilmington was prohibited from selling any policy of insurance for any other underwriter except Harvest, or an insurer approved by Harvest, or for underwriters which Harvest Agency served as a general agent.

Wilmington performed as agreed until April or May, 1984, at which time, without permission from Harvest, he commenced selling insurance for companies other than those involved with Harvest or those for which consent had been given. Although warned to stop, he persisted, and on July 3, 1984, Harvest gave him written notice of termination of the agreement. Thereafter, Wilmington brought suit alleging wrongful termination. In his suit he claimed (a) vested renewal commissions, and (b) that Harvest terminated Wilmington's status as an independent contractor in retaliation for his exercise of a statutorily conferred right under IND. CODE 27–4–3–2. That section provides as follows:

It shall be unlawful for any insurance agent representing or acting for two [2] or more insurance companies writing the same class or classes, of risks to enter, either directly or indirectly, into any agreement, arrangement, contract or understanding with one [1] or more of

such companies that he will refrain from representing any other like company or companies, and it shall be unlawful for any such insurance company, *not having a contract requiring an agent to represent it alone,* in any manner to require, coerce or induce any agent to refrain from representing any other like company or companies: *Provided, however, That this shall not be construed to prevent any insurance company or agent from at any time entering into a bona fide contract whereby such agent agrees that he will thereafter represent a single company exclusively.* (Emphasis added.)

The contract provided that certain renewal premiums would vest in Wilmington upon the occurrence of any one of the following events: (a) 20 years of service; (b) Wilmington's 60th birthday; (c) Wilmington's permanent disability; or (d) his death.

The trial court concluded that Wilmington was not entitled to the renewal premiums because none of the triggering events had occurred. The trial court further concluded: (1) Wilmington was an independent contractor; (2) the contract was terminable at will; (3) the contract provided for an exclusive agency with Harvest Life and Harvest Agency, and was within the exception to IND. CODE 27-4-3-2; and (4) Wilmington had failed to exhaust his administrative remedies under IND. CODE 27-4-3-3.

## ISSUES

Wilmington presents two issues on appeal which, are as follows:

I. Whether Wilmington has a cause of action against Harvest because his contracts were allegedly terminated in retaliation for his exercise of a statutorily conferred right under IND. CODE 27-4-3-2.

II. Whether Wilmington has a private right of action against Harvest by virtue of Harvest's violation of the duty prescribed by IND. CODE 27-4-3-2.

We will discuss them together.

## DISCUSSION AND DECISION

Inasmuch as this appeal arises from the granting of a motion for summary judgment, our task is to determine whether there is a genuine issue of material fact and whether the law was correctly applied. *Hamblin v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926. We must accept as true the facts alleged by the non-moving party, but we normally consider only that evidence which was before the trial court at the time it ruled on the motion for summary judgment. *Romack v. Public Service Company of Indiana* (1986), Ind.App., 499 N.E.2d 768, *transfer granted, vacated in part,* 511 N.E.2d 1024 (1987).

Generally in Indiana where employment is at will, an employer may discharge an employee for any cause or no cause at all without incurring liability. *Campbell v. Eli Lilly & Co.* (1980), Ind. App., 413 N.E.2d 1054. In *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425, a narrow exception to the employment at will doctrine was created. Our supreme court held that the workmen's compensation statute created a public policy in favor of an employee filing a workmen's compensation claim. When an employee is discharged in retaliation for filing his compensation claim, a statutorily created right, an exception to the general rule is recognized and a cause of action exists in the employee as a result of the retaliatory discharge. In *McClanahan v. Remington Freight Lines, Inc.* (1988), Ind., 517 N.E.2d 390, the exception was extended to a case where an employee was discharged for refusing to drive an overweight truck over public highways, an illegal act for which he could incur personal penal sanctions. The *McClanahan* court described the *Frampton* exception as separate but tightly defined and stated that generally it would not be applied in the absence of a statute defining public policy. Even good faith whistle blowers are not within the exception. *Campbell, supra.*

Citing *Frampton* and *McClanahan,* Wilmington argues that IND. CODE 27-4-

3-2 is a statute that defines a public policy which permits him to sell insurance for other companies. Therefore, when he was discharged for exercising his statutorily conferred right, a cause of action was created in him against Harvest. We disagree. The statute on its face permits an exclusive agency contract. The policy created by it permits exclusive agencies rather than forbids them.

Wilmington next argues that since his contract permits him to sell insurance for Harvest, other companies approved by Harvest, and companies that Harvest Agency represents as a general agent, his contract is not exclusive. Since the contract is terminable at will, arguments concerning contractual provisions will not suffice. Wilmington must show a public policy clearly defined by statute, *Frampton, supra,* or its equivalent *McClanahan, supra,* which forbids an exclusive agency contract. Clearly, IND. CODE 27-4-3-2, on its face, does not create such a prohibition, but permits it.

Even if we addressed his contractual argument, all options are with Harvest, not Wilmington, and to him the agency is exclusive.

Because we have held that no cause of action arises for a retaliatory discharge, all sub-issues must fail, and it is not necessary to address them. Nevertheless, we note in passing that the narrow exception created in *Frampton* and extended in *McClanahan,* being humanitarian in purpose, did not apply to independent contractors as argued here, but applied to employees only. No Indiana case is cited which applies the exception beyond the narrow limits of *Frampton* and *McClanahan.*

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and CONOVER, J., concur.