**GENERAL COLLECTIONS, INC.,
Plaintiff–Appellant,**

v.

**Larry L. DECKER, Defendant–Appellee.**

No. 02A03–8812–CV–375.

Court of Appeals of Indiana,
Third District.

Oct. 17, 1989.

Frank A. Webster, Fort Wayne, for plaintiff-appellant.

Robert L. Horn, Fruechtenicht Law Office, Fort Wayne, for defendant-appellee.

GARRARD, Presiding Judge.

General Collections, Inc. appeals an award of $350 in attorney fees to defendant Larry Decker ("Decker") entered pursuant to IC 34–1–32–1(b)(1). We affirm.

FACTS

Decker was involved in a traffic accident June 11, 1978 with an insured of Home Mutual Insurance Co. ("Home"). Unable to extrajudicially recover that sum from Decker, Home assigned its subrogation rights, a total of $620.90, to General Collections. On October 26, 1979 General Collections filed in small claims court on this "account." After consultation with Decker, General Collections' dismissed the claim without prejudice.

General Collections, Inc. was sold in 1982 and under new ownership, with records in disarray, new management by counsel moved to reinstate the action in January of 1988, nearly a decade after the accident. The action was reinstated and "alias notice" was issued. Decker contacted General Collections personally and demanded to know the nature of this alleged account. General Collections admitted to Decker (and in its brief) that when the "work card" on this claim turned up, it was simply assumed that the claim had not been pursued because Decker's whereabouts were unknown. Decker responded by retaining counsel who searched the court records and concluded that the action was meritless

particularly since the statute of limitations had expired almost nine years prior to the "reinstatement."

In his motion to dismiss, Decker prayed for an award of attorney fees pursuant to IC 34–1–32–1(b)(1). General Collections moved to dismiss, again without prejudice. After a hearing on these motions, the court assessed $350 of Decker's attorney's fees to General Collections upon finding that the claim was unreasonable and groundless. In addition the court dismissed with prejudice the claim against Decker.

General Collections appeals and we affirm.

### ISSUE ONE

General Collections presents a single issue: whether the trial court erred in awarding attorney fees to a defendant where the claim was brought without any inquiry or investigation. Decker offers a second issue: whether an appellate court should award attorney fees where the appeal was not taken in an effort to extend, modify or reverse existing law.

### DISCUSSION AND DECISION

■ General Collections argues that the ability to award trial attorney fees should be governed by cases such as *Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503 defining the obdurate behavior exception to the common law rule or *Orr v. Turco Mfg. Co.* (1987), Ind., 512 N.E.2d 151 concerning the power to award appellate attorney fees under Appellate Rule 15.

We disagree. The point of those cases is to define and limit the court's power to award attorney fees in the absence of a contract or authorizing statute. *See, e.g., Trotcky v. VanSickle* (1949), 227 Ind. 441, 445, 85 N.E.2d 638, 640; *Downing v. City of Columbus* (1987), Ind.App., 505 N.E.2d 841, 845.

Here the legislature has enacted such an authorizing statute. IC 34–1–32–1(b).

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) Brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) Continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) Litigated the action in bad faith.

The trial court grounded its decision on section (1)(b)(1) of the statute and a finding that General Collection's claim as reinstated was "unreasonable and groundless."

Most recently this court and our supreme court have had the occasion to address this statute. In a *per curiam* decision decided September 11, 1989 *Kahn v. Cundiff* (1989), Ind., 543 N.E.2d 627 our supreme court adopted as its own the decision of this court in *Kahn v. Cundiff* (1989), Ind. App., 533 N.E.2d 164. The *Kahn* case involved an award of attorney fees to the defendant automobile owner in an action arising out of an automobile collision where the defendant was dismissed immediately before trial. The plaintiff's counsel was assessed those costs and on appeal the trial court's decision was affirmed although the case was remanded for a hearing as to the proper fee to be awarded.

The *Kahn* decision observed that because the review of awards under IC 34–1–32–1 presents mixed questions of fact and law, the appellate court has a two-step standard of review. *Kahn, supra,* 533 N.E.2d at 167. That is: "Initially, we review the trial court's findings of fact under the clearly erroneous standard ... [and] then [we] review *de novo* the trial court's legal conclusions...." *Id.*

The facts here are not in dispute. General Collections admits that its "records and files were incomplete, incorrect or missing" and that "[w]hen the 'work' card on this case turned up it was *assumed* that it was [a valid but as yet unpursued claim]." (emphasis added) (Appellant's Brief, p. 9). Because General Collections has conceded the factual aspect of our review and chosen, instead, to attack only the court's conclusions of law, we will turn immediately to that matter.

The *Kahn* court relied on *Wong v. Tabor* (1981), Ind.App., 422 N.E.2d 1279 to define "unreasonable" as follows:

> [W]e hold that a claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. [footnote omitted]

*Kahn, supra,* 533 N.E.2d at 170–71. Moreover, the court's footnote set forth five factors which courts should consider in determining whether a litigant's conduct was unreasonable. Those factors as set forth in the *Kahn* footnote include:

> (a) the amount of time the attorney had to investigate the facts, research the law, and prepare the document; (b) the extent to which the attorney had to rely upon the client for the factual foundation; (c) the complexity of the factual basis and legal questions involved; (d) the ability to conduct a pre-filing investigation, and the extent to which discovery was necessary and beneficial to the development of the factual basis; and (e) the plausibility of the arguments forwarded, including good faith efforts to extend or modify the law. *See e.g. Brown v. Federation of State Medical Boards of U.S.* (7th Cir.1987), 830 F.2d 1429, 1435; *Wong v. Tabor* (1981), Ind. App., 422 N.E.2d 1279, 1288, n. 9.

*Kahn, supra,* 533 N.E.2d at 171, n. 3.

In assessing fees or costs under these or any similar provisions, trial courts must guard against " 'chill[ing] an attorney's enthusiasm or creativity in pursuing factual or legal theories.' Fed.R.Civ.P. 11, Advisory Committee Notes." *Indianapolis Colts v. Mayor and City Council of Baltimore,* 775 F.2d 177 at 182. Attorneys should not "be [made] fearful of pursuing novel approaches to problems and seeking remedies where there is no clear precedent." Withered, Frivolous Law Suits and Duties to Clients, 30 *Res Gestae* 164, 168 (1986). As our supreme court recently noted:

> The vitality of the law as a living institution rests largely upon its capacity to embrace and promote the opposing concepts of stability and growth. We are mindful of Dean Pound's aphorism: 'Law must be stable and yet it cannot stand still,' Pound, *Interpretations of Legal History,* p. 1, (1923).

*Orr v. Turco Mfg. Co., supra,* 512 N.E.2d at 153. We have faith in a trial court's ability to properly balance these competing concerns.

Based on the totality of the circumstances, it was unreasonable for General Collections to bring this action. General Collections made no inquiry or investigation whatsoever. The statute "place[s] an obligation on litigants to investigate the legal and factual basis of the claim when filing and to continuously evaluate the merits of claims and defenses asserted throughout litigation." Attorney's Fees for Frivolous, Unreasonable or Groundless Litigation, *supra,* 20 *Ind.L.Rev.* at 156. While our supreme court in *Kahn* observed that "commencement of an action may often be justified on relatively insubstantial grounds," *Kahn, supra,* 543 N.E.2d at 629, even the most cursory review of the law or the trial court's file would have revealed ample reason not to reinstate this claim. Pre-filing investigation would have been particularly easy in this case because this matter had previously been filed; nonetheless, no effort was made to search the court's files, whether on microfilm or otherwise. General Collections offers as excuse that it moved to dismiss after "it was discovered that [this] was [a] subrogation case and at this late date the evidence would be stale and impossible to pursue." It was not a question of stale evidence. The claim was time barred and General Collections made no effort to determine that fact before "reinstating" this litigation. While in some situations a running of the statute of limitations will be dependent upon information derived from the discovery process or even at trial, here we find that General Collections' *assumptions* with respect to the validity of this claim were completely unreasonable.

Having found General Collections' reinstated claim condemnable, this is sufficient to sustain the judgment of the trial court,

so we need not explore whether General Collections' action was also groundless. The trial court's conclusions were not clearly erroneous. General Collections has failed to demonstrate error. We, therefore, affirm the trial court's award of fees.

### ISSUE TWO

 Decker has also moved for an award of his appellate attorney fees. Our supreme court recently observed that:

The Rules of Appellate Procedure do not express any standard to determine whether appellate damages are appropriate. AR 15(G) simply provides:

If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

In general, a discretionary award of damages has been recognized as proper when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Briggs v. Clinton County Bank & Trust Co.* (1983), Ind.App., 452 N.E.2d 989, 1014. *See also In re Guardianship of Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155; *Marshall v. Reeves* (1974), 262 Ind. 403, 316 N.E.2d 828; *Annee v. State* (1971), 256 Ind. 686, 274 N.E.2d 260 (on rehearing); *Matter of Watson* (1983), Ind.App., 449 N.E.2d 1156; *Sandock v. Taylor Const. Co.* (1981), Ind.App., 416 N.E.2d 882; *Vandalia Railroad Co. v. Walsh* (1909), 44 Ind.App. 297, 89 N.E. 320.

*Orr v. Turco Mfg. Co., supra,* 512 N.E.2d at 152.

We have already found that General Collections' claim at trial was unreasonable, but it does not follow that an appeal of an award of trial attorney fees will automatically give rise to an award of appellate attorney fees. The statute in question had not been fully explored in a published opinion when this appeal was initiated. General Collections' brief, while not persuasive, has not been offered improperly nor is it entirely without merit. Consequently, although we are sympathetic to Decker's argument, we decline his invitation to further punish General Collections.

Affirmed.

HOFFMAN and SULLIVAN, JJ., concur.