**Linda K. LAWSON, Appellant,**

v.

**HAVEN HUBBARD HOMES, INC., d/b/a Hamilton Grove, Appellee.**

**No. 71A04–8811–CV–393.**

Court of Appeals of Indiana, Fourth District.

March 19, 1990.

Stephen L. Eslinger, South Bend, for appellant.

Kathleen K. Brickley, Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellee.

MILLER, Judge.

On January 2, 1985, plaintiff-appellant Linda Lawson sued her former employer, defendant-appellee Haven Hubbard Homes, Inc., d/b/a Hamilton Grove (Employer) for actual and punitive damages, claiming that, while she was still employed but on medical leave status, Employer terminated her employment in retaliation for her having filed for unemployment compensation benefits. Employer responded on March 1, 1985 by denying the material allegations of the complaint and requesting dismissal for failure to state a claim upon which relief could be granted. It was Employer's position that *Frampton v. Central Indiana Gas Company* (1973), 260 Ind. 249, 297 N.E.2d 425, which permitted an action for retaliatory discharge, was limited to a discharge following an employee's workmen's compensation claim, and, therefore, did not apply when, as here, a claim for unemployment compensation is filed. On March 14, 1986, Lawson filed a motion for partial summary judgment requesting that the court determine whether an employer is liable for retaliatory discharge when it fires an employee because she has filed a claim for unemployment compensation benefits.[1] On April 1, 1986, Employer filed a

---

1. Lawson's motion also requested the court to determine whether the doctrine of collateral estoppel prevented Employer from relitigating the administrative determination that Lawson had been discharged for filing for unemployment compensation benefits. The record reveals that Lawson applied for unemployment compensation benefits on February 11, 1983. Her application was denied and she appealed. A hearing officer from the Indiana Employment Security Division, Appellate Section, conducted an administrative hearing in which Lawson and Employer were represented by counsel. After the hearing, the appeals referee reversed the denial of unemployment benefits to Lawson, ruling in part:

   When the claimant was placed in a position of not being able to return to her job, nor, being covered any further under her workman's compensation claim, nor, having the ability to find other employment as of that time, the claimant subsequently filed a claim for unemployment compensation on February 11, 1983. Upon being notified that the claimant had filed a claim for compensation, the Employer's testimony was clear that they terminated her.

In her motion, Lawson argued the doctrine of collateral estoppel prevented Employer from relitigating the administrative determination that she had been discharged for filing for unemployment compensation benefits. However, this aspect of her motion was dropped following a decision by our supreme court in *McClanahan v. Remington Freight Lines* (1988), Ind. 517 N.E.2d 390. In *McClanahan,* our supreme found that a determination by the Employment Security Division could not be given collateral estoppel effect in a subsequent civil proceeding for wrongful discharge. However, in *McClana-*

cross-motion for summary judgment asserting that Indiana law does not recognize a cause of action in favor of a discharged at-will employee when the employee claims to have been discharged in retaliation for filing a claim for unemployment compensation benefits. After a hearing, the trial court denied Lawson's motion and granted summary judgment in favor of Employer. Lawson appeals this ruling raising the following issue for review:

Whether a discharged at-will employee has a cause of action for retaliatory discharge when the employee is terminated from her employment in retaliation for filing an unemployment compensation claim.

## FACTS

On October 15, 1981, Lawson started working as a qualified medical assistant for Employer. On May 23, 1982, she was injured at work when she fell down a flight of steps in a poorly lit stairwell and, as a result of this injury, she was unable to work for several months and received workmen's compensation benefits through Employer. On August 2, 1982, a doctor hired by Employer's workmen's compensation insurance carrier released Lawson to return to work without any work restrictions. However, when Lawson attempted to return to work she was advised by her supervisor she could not do so until she secured a release from Dr. Carr, a chiropractor who had treated Linda. The record reveals Dr. Carr wrote a letter to Employer on June 21, 1982, indicating Lawson should not lift objects weighing more than twenty-five pounds for twelve to sixteen weeks, i.e., until the middle of October. Lawson contacted Employer several times during the next few months in an attempt to return to work but was consistently advised that she could not. It appears that during this time period Employer kept Lawson's employment on a medical leave status. When Lawson filed for unemployment compensation benefits Employer terminated her employment. On January 2, 1985,

Lawson initiated this lawsuit alleging she had been discharged "in retaliation for having filed for unemployment compensation benefits, which is the exercise of a statutory right." (R. 10). After a year of discovery, Lawson filed a motion for partial summary judgment and Employer filed a cross-motion for summary judgment. It is important to note that at the summary judgment hearing on April 22, 1986, Employer admitted, for purposes of its cross-motion for summary judgment only, that it terminated Lawson's employment in retaliation for her having filed for unemployment compensation benefits. Employer argued that, even under these circumstances, Lawson did not have a cause of action for retaliatory discharge under Indiana law. After the hearing, the trial court denied Lawson's motion for partial summary judgment and granted Employer's motion for summary judgment issuing the following order:

[Lawson] by motion for summary judgment says that [Lawson], a former at will employee of [Employer], was discharged by [Employer] for seeking unemployment compensation.

[Employer] Hamilton Grove seeks summary judgment asserting that Indiana does not recognize a cause of action in an at will employee for retaliatory discharge for having claimed unemployment compensation and that, therefore, [Employer] is entitled to a judgment as a matter of law.

Indiana generally permits termination of at will employment at any time at the election of either party. The exception to this is the rule established by *Frampton v. Central Indiana Gas Company*, [260 Ind. 249] 297 N.E.2d 425 (Ind.1973) which has been specifically limited to discharge of at will workmen's compensation claimants exercising this statutory right. See *Morgan Drive Away, Inc. v. Brant* [ (1985) Ind.App.], 479 N.E.2d 1336, [ (1986), Ind.] 489 N.E.2d 933.

han, neither party was represented by counsel at the administrative hearing and, as such, did not have "a full and fair opportunity to litigate

the issue." *Id.* at 394. Unlike *McClanahan*, both Lawson and employer were represented by counsel at the administrative hearing.

Collateral estoppel is not available to [Lawson] for the Indiana Employment Security Division did not specifically conclude that [Lawson's] discharge was due to [Lawson's] seeking unemployment compensation benefits. This Court under the collateral estoppel doctrine cannot speculate as to the reasons the first tribunal found as it did, (assuming that this is an administrative determination which is entitled to be considered in collateral estoppel matters).

There is no genuine issue of material fact in this case and [Employer] is entitled to judgment as a matter of law.

IT IS ORDERED:

1. [Lawson's] motion for partial summary judgment is denied.

2. [Employer's] motion for summary judgment is granted.

IT IS FURTHER ORDERED:

3. [Lawson] take nothing on her complaint herein.

October 13, 1986.

## DECISION

■ As this appeal arises from the granting of a motion for summary judgment, our task is to determine whether there is a genuine issue of material fact and whether the law was correctly applied. *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390; *Wilmington v. Harvest Ins. Companies* (1988), Ind. App., 521 N.E.2d 953. In the case before us, the essential facts are not in dispute. Therefore, we must determine whether the law was correctly applied.

■ Generally, an employer may discharge an at will employee for any cause or no cause without incurring liability. *Wilmington, supra.* However, an exception to this doctrine was created in *Frampton v. Central Indiana Gas Company* (1973), 260 Ind. 249, 297 N.E.2d 425. In *Frampton,* our supreme court held that when an employee is discharged in retaliation for filing a workmen's compensation claim—a statutorily created right—an exception to the general rule is recognized and the employee has a cause of action for retaliatory discharge against the employer. Relying on *Frampton, supra,* Lawson claims she has a cause of action for retaliatory discharge because she was fired for exercising a statutory right, i.e., filing an unemployment compensation claim.

In *Frampton,* an employee brought an action against her former employer seeking actual and punitive damages for retaliatory discharge. The employee claimed her employer had fired her in retaliation for filing a workmen's compensation claim. The trial court dismissed the complaint for failing to state a claim upon which relief could be granted, pursuant to Ind.Trial Rule 12(B)(6), and the employee appealed. On appeal, our supreme court reversed holding that an employee who alleges he or she has been discharged in retaliation for filing a claim pursuant to the Indiana Workmen's Compensation Act or the Indiana Workmen's Occupational Diseases Act has stated a claim upon which relief can be granted. The court noted that under ordinary circumstances, an employee at will may be discharged without cause, "[h]owever, when employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized." *Id.* 297 N.E.2d at 428. In reaching this conclusion the court noted:

The Act creates a *duty* in the employer to compensate employees for work-related injuries (through insurance) and a *right* in the employee to receive such compensation. But in order for the goals of the Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation —opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.

*Id.* (emphasis in original).

The court also noted that the Indiana Workmen's Compensation Act, IND.CODE § 22–3–2–15, provides: "No contract or agreement, written or implied, no rule, regulation or *other device* shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this Act." *Id.* at 427–28. (Emphasis in original). The court held the threat of discharge to be a prohibited "device" within the meaning of I.C. § 22–3–2–15.

Lawson contends the "statutory right exception" announced in *Frampton, supra,* should be applied in the present case. She claims she had the right to file for unemployment benefits when Employer refused to allow her to return to work and, when she exercised this statutory right, Employer terminated her employment. She notes the stated policy of the unemployment compensation system is to protect against "economic insecurity due to unemployment", IND.CODE § 22–4–1–1, and the purpose of the Act is "to provide for payment of benefits to persons unemployed through no fault of their own." *Id.* Lawson also notes the Act specifically provides that: "It is a Class C misdemeanor for an employing unit or other person to recklessly encourage or induce any individual to waive or forego any accrued or potential benefit rights under this article[2]." I.C. § 22–4–34–3. Lawson contends Employer did exactly what is prohibited by the Act, that is, Employer attempted to induce her to forego benefits under the Act by firing her when she applied for benefits. Lawson argues public policy requires that her claim for retaliatory discharge be recognized.

Employer contends Lawson's reliance on *Frampton* is misplaced. Employer observes that, since *Frampton,* Indiana courts have refused to recognize retaliatory discharge actions in cases not involving workmen's compensation claims, citing

*Martin v. Platt* (1979), 179 Ind.App. 688, 386 N.E.2d 1026 (denied an action for retaliatory discharge where terminated employees claimed that their discharge was in retaliation for having reported to a company official that their immediate superior had solicited and received illegal kickbacks from company suppliers), *McQueeney v. Glenn* (1980), Ind.App., 400 N.E.2d 806, *cert. denied,* 1981, 449 U.S. 1125, 101 S.Ct. 943, 67 L.Ed.2d 112 (rejected plaintiff's contention that termination because of her marriage constituted actionable retaliatory discharge), *Campbell v. Eli Lilly and Co.* (1980), Ind.App., 413 N.E.2d 1054, (affirmed summary judgment against an employee who claimed that his discharge was in retaliation for charging the employer with practices contrary to the federal drug regulatory scheme and regulations), and *Morgan Drive Away, Inc. v. Brant* (1986), Ind., 489 N.E.2d 933 (denied an action for retaliatory discharge where terminated employee claimed he had been discharged solely for filing small claims action against employer to recover monies owed employee). Employer notes that *Brant* is particularly important because in *Brant* our supreme court noted that the language from *Frampton*—"when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized"—was dicta.[3] Additionally, Employer points out that the statute upon which Lawson relies, I.C. § 22–4–34–3 creates a criminal remedy rather than a civil remedy.

██ While we agree generally with Employer that Indiana court's have refused to recognize retaliatory discharge actions in cases not involving workmen's compensation claims, we note the exception created in *Frampton, supra,* was extended in *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390.[4] In *McClana-*

---

2. I.C. § 22–4–1–1 *et seq.*

3. The *Brant* court termed the language quoted above as "additional observations which embellished the *Frampton* opinion." *Id.* at 934.

4. *See also, Sarratore v. Longview Van Corp.* (N.D.Ind.1987), 666 F.Supp. 1257, where the district court held that a former employee who

alleged that he was terminated for refusing to participate in an illegal scheme to set back odometers stated a cause of action for wrongful or retaliatory discharge under Indiana law. In so holding, the court stated "the scope of the cause of action or claim authorized in *Frampton* is not limited to situations where the employee

*han,* an employee filed suit against his former employer alleging he was wrongfully discharged when he refused to commit an illegal act. The trial court granted summary judgment in favor of the employer and the employee appealed. On appeal, this court reversed, holding the employer was not entitled to judgment as a matter of law because the employee had provided a sufficient factual basis for a wrongful discharge action. On transfer, our supreme court agreed, stating that an employee who is fired for refusing to commit an illegal act for which the employee would be personally liable has a cause of action against his employer. The court noted "[a] separate but tightly defined exception to the employment at will doctrine is appropriate under these facts." *Id.* at 393. Since our supreme court limited the holding of *McClanahan* to the facts of that case, its reasoning is not applicable here. Furthermore, we do not believe our supreme court would create an exception to the employment at will doctrine under the facts of the case before us. Our supreme court created an exception in *Frampton, supra,* because:

> The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation —opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.
>
> *Id.* at 427.

We fail to see how the "fear of being discharged" in the present case would have a "deleterious effect on the exercise of a statutory right." *Id.* Presumably, an employee will not file an unemployment compensation claim unless the employee is unemployed, or unless the employer is refusing to allow the employee to return to work—as is the case here. In either case, the employee will receive unemployment benefits—assuming the employee has not been discharged for just cause or voluntar-

ily left his employment without good cause.[5] Lawson alleges Employer attempted to induce her to forego her statutory benefits by firing her when she filed an unemployment compensation claim. However, we cannot find Employer's actions induced her to forego her benefits under the Act. If Lawson files for unemployment benefits because her Employer unjustifiably refuses to allow her to return to work, she has not voluntarily left her employment without good cause and she will receive benefits. If she files a claim for unemployment benefits and her Employer fires her in retaliation, she has not been discharged for "just cause" and again, she will receive benefits. Both parties agree that Lawson is an at will employee and, as such, may be discharged without cause. We find no basis for Lawson's claim that Employer's actions violate public policy and we refuse to recognize an exception to the employment at will doctrine under the facts of this case. The trial court did not err in granting summary judgment in favor of Employer as Lawson has not provided a sufficient factual basis for a wrongful discharge action.

■ Finally, Employer requests, in its brief, that we remand this case to the trial court to award reasonable attorney fees incurred by Employer in defending this appeal pursuant to our Ind.Appellate Rule 15(G). That rule provides:

> (G) *Damages Against Appellant.* If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

In *Marshall v. Reeves* (1974), 262 Ind. 403, 316 N.E.2d 828, our supreme court noted that a discretionary award of damages is appropriate under this rule "when the appeal is frivolous, or without substance or merit" or, "where an appeal is taken mere-

---

5. *See* I.C. § 22–4–15–1 which provides in part "an individual who has voluntarily left his em-

files a workmen's compensation claim and is discharged in retaliation therefor." *Id.* at 1263.

ployment without good cause in connection with the work or who was discharged from his employment for just cause is ineligible" for benefits.

ly to harass or delay the appellee." *Id.* at 404, 360 N.E.2d at 830. In *In Re Estate of Watson* (1983), Ind.App., 449 N.E.2d 1156, this court noted that outrageous misstatements of the record coupled with contentions of error of "no merit whatsoever" may subject an appellant to a penalty under App.R. 15(G). *Id.* at 1160. In *Briggs v. Clinton County Bank and Trust Company* (1983), Ind.App., 452 N.E.2d 989, this court held that attorney fees may be awarded as damages under App.R. 15(G) when a party has acted in bad faith. This court observed that the nature of the award is punitive and "a strong showing is required to justify an award of attorney fees" under this rule. *Briggs* held that an award of attorney fees was appropriate because "the appellant's brief is rife with outrageous misstatements of the record" and "appellant's brief appears to have been written in a manner calculated to require the maximum expenditure of time both by counsel for Smoker (appellee) and by this court." *Id.* at 1015. *See also, Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155 (where award of punitive appellate attorney fees was warranted due to appellant's disregard of form and content requirements of appellate rules, failure to disclose his previous appeal raising many of the same issues, omission and misstatements of facts established in the record, and writing brief in a manner calculated to require maximum expenditure of time both by appellee and by court of appeals).

However, a discretionary award of attorney fees is not appropriate in the present case. There is no evidence this appeal was taken in bad faith to harass Employer. There are no misstatements of the record. Lawson has presented a cogent legal argument with citation to relevant legal authorities. Although Lawson's argument was not successful on the merits, we cannot say her contentions of error had "no merit whatsoever". *In Re Estate of Watson,*

*supra.* Accordingly, Employer's request for attorney fees is denied and the decision of the trial court is affirmed.

SULLIVAN, J., concurs.

CHEZEM, P.J., dissents with separate opinion.

CHEZEM, Presiding Judge, dissenting.

I respectfully dissent. The majority has given an overly broad interpretation to *Morgan Drive Away, Inc. v. Brant* (1988), Ind., 489 N.E.2d 933. The Supreme Court did not limit *Frampton* in *Morgan Drive Away.* Rather, the holding of the Supreme Court in that case was consistent with prior decisions of the Court of Appeals, which held that parties could not bring an action for retaliatory discharge unless the plaintiff alleged that he was discharged for exercising a statutory right or for fulfilling a statutory duty. *See Hamblen v. Danner's, Inc.* (1985), Ind.App., 478 N.E.2d 926; *Rice v. Grant County Board of Commissioners* (1984), Ind., 472 N.E.2d 213; *Campbell v. Eli Lilly & Co.* (1980), Ind. App., 413 N.E.2d 1054; *Martin v. Platt* (1979), 179 Ind.App. 688, 386 N.E.2d 1026.

In *Morgan Drive Away,* Brant (the employee) had been hired pursuant to several contracts. Thus, it was doubtful that Brant was an employee at all, much less at will. Furthermore, the court only stated that it was declining to extend *Frampton* to the "facts of the *instant* case." *Morgan Drive Away,* 489 N.E.2d at 933. Brant was not discharged from his "employment" for exercising a statutory right or fulfilling a statutory duty. Brant was allegedly discharged after he filed a complaint against Morgan Drive Away in small claims court for his uncompensated services. Therefore, the holding in *Morgan Drive Away* is consistent with the prior decisions interpreting *Frampton* [1] and does not support Haven Hubbard's argument

---

1. *Morgan Drive Away* is consistent with the prior Court of Appeals cases in that all of them rejected liability predicated upon a generalized violation of public policy *absent a statute* declaring the public policy. *Hamblen v. Danner's, Inc.* (1985), Ind.App., 478 N.E.2d 926, 928. Our

courts have consistently held that broad statements of what the public policy is, or which of competing policies should be given precedence, should be left to the legislature. *Rice v. Grant County Board of Commissioners* (1984), Ind. App., 472 N.E.2d 213, 215.

that the Supreme Court rejected an expansive reading of *Frampton.*

I disagree with the majority's conclusion that the Supreme Court created a new cause of action in *McClanahan*, restricting its holding to its facts. The *McClanahan* court merely adopted and applied the Court of Appeals' interpretation of *Frampton.* *See Hamblen*, 478 N.E.2d at 929; *Rice*, 472 N.E.2d at 215; *Campbell*, 413 N.E.2d at 1061; *Martin*, 179 Ind.App. at 691–692, 386 N.E.2d at 1028.

Our appellate courts, in the decisions cited above, did not gradually develop the tort of retaliatory discharge; rather, the courts, including the *McClanahan* court, interpreted *Frampton* itself. The majority's reading of *Frampton, Morgan Drive Away* and *McClanahan* unduly restricts employees' ability to protect themselves from invasion of legally protected interests, which is the primary function of the retaliatory discharge remedy. *See Scott v. Union Tank Car Co.* (1980), Ind.App., 402 N.E.2d 992.

An employee's statutory right to seek unemployment benefits is a legally protected interest. The legislature created the right of employees to seek benefits, I.C. § 22–4–1–1, *et seq.*, as well as the right to be free from threats, intimidation, etc., to discourage them from seeking benefits. I.C. § 22–4–34–3 (making such acts to discourage an employee from filing a class C misdemeanor).

The majority assumes that one applying for unemployment compensation benefits would not be placed in fear of losing his employment, since one must already be unemployed to receive benefits. As a general proposition, the majority's observation is correct that an unemployed person can not be fired. Nonetheless, that is exactly what happened in this case; Lawson was still an employee of Haven Hubbard, but was eligible for unemployment benefits as a result of her employer's unwillingness to, at that time, allow her to return to work.

While the damages would be difficult to measure, such a task would not beyond the ability of the trier of fact to measure Lawson's loss in being deprived of the opportunity to return to work for Haven Hubbard. The jury could evaluate the following factors:

(1) the likelihood of Lawson's return to work;

(2) the loss of wages from the time of her expected return until the time of trial; and

(3) reasonable future wages mitigated by the ability of Lawson to secure similar employment.

Violation of state statutes should not be tolerated, in either criminal or civil forums. A violation of state public policy by employers, as expressed by the statutes enacted by the legislature, should carry with it attendant civil liability.

Accordingly, I would reverse and remand for trial.

