HILL ET AL. *v.* JESSUP.

[No. 20,328. Filed October 28, 1966.]

*Hartell F. Denmure,* of Aurora, for appellants.

*Paul V. Wycoff* and *Wycoff and Greeman,* of Batesville, for appellee.

SMITH, C.J.—This case originated in the Jefferson Circuit Court upon the filing of a complaint by the plaintiff-appellee, Norman K. Jessup, for the specific performance of an alleged contract for the sale of real estate located in Jefferson County, Indiana. The cause was later venued to the Ripley Circuit Court.

The defendant-appellants owned seven-ninths interest in fifty-three acres of land and, upon the advice of legal counsel, the appellants signed the contract in question in the living room of their home. By the terms of this agreement, the appellee promised to pay $1,000.00 down and $19,222.20 by July 15, 1963. Three days before closing the contract appellant Clara B. Hill informed the appellee that the appellants refused to execute the deed as provided in the contract.

The issues were formed upon the filing of the appellee's amended complaint and the appellants' amended answer thereto. The appellants by their amended answer alleged that the contract was executed under duress, misrepresentation and fraud; that the appellants were unaware of the contents of the contract; that appellant Mary Ruth Hill was not mentally and physically capable of comprehending what she was signing and therefore the contract was null and void; and that the appellants tendered the return of the $1,000.00, allegedly paid on the contract, which was refused by the appellee.

In their amended answer, the appellants demanded a jury trial, which was denied. The case was tried on the merits resulting in judgment for the appellee for specific performance of the contract signed by the mother and her two children—the appellants.

The appellants now maintain that the trial court erred in overruling their motion for a new trial, and erred in overruling their motion for a trial by jury.

The appellants argue that in the event they had sued the appellee to void the contract because of fraud, duress and misrepresentation, a jury trial could have been demanded to determine the issue of facts as cited above; and the fact that legal and equitable issues have been joined and the appellants are defending instead of prosecuting is no basis upon which to deny a jury trial.

The appellants do not contend that they were entitled to a jury trial as a matter of right. Where legal and equitable

issues are joined in a cause of action, the granting of a jury trial is a matter of discretion with the trial court. *Jones Drilling Corp.* v. *Rotman* (1964), 245 Ind. 10, 195 N. E. (2d) 857; *Burns Indiana Statutes* (1964 Replacement), Section 2-1204.

The record does not disclose any abuse of discretion by the trial court in denying appellants' motion for a jury trial. Under the facts presented the trial court's exercise of its discretionary power was proper. *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 28, 103 N. E. 349.

The appellants maintain that the decision of the trial court is not sustained by sufficient evidence, is contrary to law, and contrary to the law and the evidence.

It is specifically argued that appellant Mary Ruth Hill was under the influence of drugs at the time she signed the contract, and thus the contract is void; that the $1,000.00 check was made payable to appellant Clara Hill only and thus there was a total lack of consideration to appellants Mary Ruth Hill and Edward N. Hill; and that when placed beside the expertise of the appellee in matters involving the value of real estate, the inexperience of the appellants amounts to fraud, duress and misrepresentation.

Prior to the execution of this contract, appellant Mary Ruth Hill was deserted by a prospective spouse. She was given physical and mental therapy to ease the heartache of such a loss, and now claims that this event affected her mental capacity to comprehend the terms of the contract which she signed. The record does not support her claim of mental incapacity; and we are of the opinion that Mary Ruth Hill, at the time she executed the contract, knew and understood the effect of such act, and therefore has not sustained the burden of proving otherwise. *Graham, Administratrix* v. *Plotner* (1928), 87 Ind. App. 462, 471, 151 N. E. 735; *Norman* v. *Norman* (1960), 131 Ind. App. 67, 169 N. E. (2d) 414.

We further are of the opinion that the contract was not without consideration since the consideration for the appellants' promise to sell was not only the $1,000.00 down payment but the total purchase price of $20,222.20.

We are unable to find any basis in the record for appellants' argument that the contract was obtained through fraud, duress and misrepresentation. Undue influence exists when, through weakness, ignorance, dependency or implicit reliance of one on the good faith of another, the latter obtains an ascendency which prevents the former from exercising an unbiased judgment. *Norman* v. *Norman, supra.* The above conditions do not exist in the facts of this case.

On appeal, our Court will presume that the findings of the trial court are correct; and that the appellant is required to show that such decision is not fairly sustained by the weight of the evidence, or is clearly against the same, before he will be entitled to a reversal on account of the insufficiency of the evidence. *Parkison, Treasurer* v. *Thompson* (1904), 164 Ind. 609, 73 N. E. 109; *Fuller* v. *Fuller* (1912), 52 Ind. App. 488, 100 N. E. 869.

It is our opinion that the appellants have failed to overcome the above presumption when applied to evidence of fraud, duress and misrepresentation.

The appellants' final contention is that the trial court erred in denying their request to amend their answer to conform to the evidence on the issue of a lack of consideration. Before judgment was rendered, appellants sought to add to their amended answer the following sentence: "There was a total lack of consideration as to the defendants, Mary Ruth Hill and Edward N. Hill, to this contract."

Burns Indiana Statutes, Section 2-1068, provides that after trial and before final judgment, "The court may, in its discretion and upon such terms as may be deemed proper for the

furtherance of justice, order that any pleading may be amended by correcting any mistake in name, . . . ."

Again, we do not feel that the court abused its discretion in refusing to allow an amendment of the appellants' answer after trial and before judgment. Under the statute, quoted above, the court may deny or permit any request to amend as it deems proper for the furtherance of justice. It is apparent that the appellants were not prejudiced by the trial court's denial of their request since the evidence does not support the amendment requested.

We have given careful consideration to appellants' contentions, but we find no reversible error.

Judgment affirmed.

Bierly, Hunter and Mote, J.J., concur.

NOTE.—Reported in 220 N. E. 2d 662.