**Thomas RUTTER, Plaintiff-Appellant,**

v.

**EXCEL INDUSTRIES, INC., et al., Defendants-Appellees.**

**No. 3–981A246.**

Court of Appeals of Indiana, Third District.

Aug. 18, 1982.

Anthony J. Iemma, Iemma & Summers, Elkhart, David B. Keller, Shoaff, Parker & Keegan, Fort Wayne, for plaintiff-appellant.

Richard E. Steinbronn, Thornburg, McGill, Deahl, Harman, Carey & Murray, Elkhart, for defendants-appellees.

GARRARD, Judge.

Rutter brought two actions which were consolidated in the trial court challenging the effects of his separation from Excel. The court granted summary judgment in the action for damages and partial summary judgment in the action for declaratory judgment thereby upholding the validity of Rutter's resignation as an officer and director of the corporation.

Rutter appeals. He asserts that to be valid his resignation had to be voluntary; that voluntariness depends upon his subjective state of mind; and that therefore a genuine issue of fact existed which precluded the grant of summary judgment.

The principal parties were all deposed and their depositions were before the court. The facts disclosed that Rutter had been employed by Excel since mid-1962. He had worked in various capacities and in November 1978 he became Executive Vice-President of the company.

In January 1980 prior to a meeting of the board of directors he was told by the president of the company that his resignation was desired and that the president had sufficient support from other directors to cause his removal that afternoon as Executive Vice-President, as a member of the executive committee, as plan administrator for the employee's stock ownership plan, and as vice-president and director of various Excel subsidiaries. He was then offered the opportunity to resign rather than face removal proceedings.

Rutter indicated he wanted to talk to both Mr. Wiley, an "outside" director and to his father, who was also an officer of the corporation. A short time later he spoke with his father who told him, "Tom, it's over." The father then related that he had just had a meeting with Wiley that resulted in the father resigning his position.

Rutter then met with Wiley and was told that if he would go ahead and resign the company would give him six months' severance pay. Rutter then tendered his resignation.

Other evidence before the court disclosed that during the course of these meetings Rutter made no attempt to contact his attorney. Prior to commencing suit he made no effort to recall his resignation. He was given six months' severance pay which he accepted. No attempt has been made to tender that money back to the corporation.

While we agree with Rutter that whether an action is voluntary, in the sense that it results from the free and untrammeled choice of the actor, involves a subjective determination that may not ordinarily be made by summary judgment, we must disagree with the impact of that observation upon the case at hand.

The freedom to contract includes the freedom to contract improvidently, and in the absence of countervailing policy considerations, private reservations or mistake will not avoid the results of apparent consent.

"If, whatever a man's real intention may be, he so conducts himself that a reasonable man would believe he was assenting to the terms proposed by the other party, and that the other party upon that belief enters into the contract with him, the man thus conducting himself would be equally bound as if he had intended to agree to the other party's terms."

*Smith v. Hughes* (Eng.1871), L.R. 6 Q.B. 597.

Concededly no fraud or misrepresentation exists in this case. Nor is it one presenting a question of undue influence. *See Hill v. Jessup* (1966), 139 Ind.App. 467, 220 N.E.2d 662.

Rutter's attempted avoidance instead sounds in coercion or duress. In Indiana, however, to render a contract voidable as being procured under duress there must be an actual or threatened violence or restraint of a man's person, contrary to law, to compel him to enter into a contract or discharge one. *Williamson v. Bendix Corp.* (7th Cir. 1961), 289 F.2d 389; *Adams v. Stringer* (1881), 78 Ind. 175; *Bush v. Brown* (1875), 49 Ind. 573. It is undisputed upon

the record that no such conduct occurred in the case at bar. Moreover, neither the threat to attempt to remove Rutter for cause nor any misapprehension on his part as to his legal rights constitutes duress that will avoid the contract. *Bd. of School Commrs. v. State ex rel. Bever* (1936), 211 Ind. 257, 5 N.E.2d 307, *reh. denied* 211 Ind. 257, 6 N.E.2d 702.

On the record before it the trial court properly determined that as a matter of law Rutter's resignation was valid. The judgment and partial judgment appealed from are therefore affirmed.

HOFFMAN, P. J., and STATON, J., concur.