David CRABTREE, Plaintiff-Appellant,

v.

Bud LEE, Paul Insley, Dewey White, Harold Skelton, Delbert Durnil and Glen Ross, Members of the Town Council of Rockville, Indiana, Defendant-Appellees.

No. 1–284A54.

Court of Appeals of Indiana, First District.

Oct. 17, 1984.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, David Crabtree (Crabtree), appeals the summary judgment granted by the Parke Circuit Court in favor of Bud Lee, Paul Insley, Dewey White, Harold Shelton, Delbert Durnil and Glen Ross, as members of the Board of Trustees of the Town of Rockville, Indiana (Town Board).

We affirm.

## STATEMENT OF THE RECORD

Crabtree filed this action against the Town Board in four paragraphs demanding money damages in the sum of $500,000.00 and his reinstatement as Town Marshal, claiming that he had been improperly terminated. The Town Board filed its motion for summary judgment supported by an affidavit executed by Warren Buchanan, Town Attorney, which set forth the following relevant facts.

On April 2, 1982, Crabtree and Buchanan discussed allegations made against Crabtree that he had engaged in sexual conduct with a female prisoner in the Parke County Jail. Crabtree stated that he would resign as Town Marshal if the Town Board would employ him in the utility department. Upon Crabtree's request, he, Buchanan and the Town Board met that evening in the Town Board's office, and Crabtree reiterated his offer to resign. The Town Board told Crabtree that "if he would resign ... he would be employed in the Town's utility department ... if a polygraphs test to be given ... disclosed that he was innocent ...". Crabtree agreed and thereupon executed a written resignation as follows:

"To The Members of the Board of Town Trustees Rockville, Indiana.

I now and hereby resign as Town Marshall [sic] and Acting Chief of Police for the Town of Rockville.

/s/_____
David Crabtree"

Thereafter, Buchanan made an appointment for Crabtree to take the polygraph

---

Christopher B. Gambill, Wright, Shagley, Lowery & Crawford, Terre Haute, for plaintiff-appellant.

William W. Drummy, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for defendant-appellees.

test on April 8, 1982. However, at the regular meeting of the Town Board held on April 6, 1982, with Crabtree and Buchanan present, Crabtree, upon advice of counsel, refused to take the polygraph. He also retracted his resignation and demanded that it be returned to him. That demand was denied, and the Town Board thereupon formally accepted the resignation and entered such action upon the minutes of the meeting.

Crabtree filed a counteraffidavit which denied that a meeting with Buchanan had occurred prior to the meeting of the Town Board on the evening of April 2nd. He stated that at the April 2 "informal" meeting he had stated that he had no intention of resigning but Buchanan told him he had no choice; either he resign or the Town Board would fire him, which would not look good on his record. Crabtree stated he was aware of a previous firing of a marshal without cause and that he believed he would be fired if he did not sign the document. He stated that Buchanan took and kept the resignation and later, prior to the regular meeting of April 6, refused Crabtree's demand that he return it. At the April 6 Town Board meeting, he told the Board he did not intend to resign and concluded his affidavit with a denial of an agreement on his part to resign in return for a job with the Town's utility department.

## ISSUES

Crabtree presents four issues challenging the propriety of the trial court's action granting the Town Board's motion for summary judgment. He claims that the record discloses a genuine issue of material fact in the following particulars:

I. Whether the resignation was obtained by duress;

II. Whether the resignation was tendered to the proper officials;

III. Whether there was requisite intent to execute a valid resignation; and

IV. Whether the resignation was conditional.

## DISCUSSION AND DECISION

*Issue I: Duress.*

■ Crabtree argues the ultimatum delivered to him by Buchanan in the Town Board's presence; resign or be fired, was evidence of duress which would invalidate the resignation. IND.CODE 36–5–7–3 grants power to remove a town marshal to the Town Board upon compliance with procedures and for cause. Indiana has specifically held that a threat to remove for cause is not duress. *Rutter v. Excel Industries, Inc.,* (1982) Ind.App., 438 N.E.2d 1030; *Board of School Com'rs. of City of Indianapolis v. State ex rel. Bever,* (1936) 211 Ind. 257, 5 N.E.2d 307. Rutter was a business employee. Bever was a teacher. Those cases contained language that where the employee has a choice between contesting the charge in a termination hearing or resigning, the opportunity to make such a choice is in the employee's best interest.

Crabtree cites no persuasive authority to support his additional argument that he was ignorant of his rights. While all persons are presumed to know the law, (*Plymale v. Upright,* (1981) Ind.App., 419 N.E.2d 756) the issue here is not really whether he knew his rights or not, but a choice granted Crabtree of either quietly resigning without comment or facing removal charges of sexual misconduct with a female prisoner. In *Bever, supra,* the court stated that rights of parties under a contract must be determined upon the theory that they knew and correctly interpreted the law affecting their interest. *See Kimbrell v. City of Lafayette,* (1983) Ind.App., 454 N.E.2d 73 for a like result. We find no error.

*Issue II: Proper Officials.*

■ Crabtree argues there is evidence that he submitted his resignation to Buchanan, the Town attorney, and not the Town Board. IND.CODE 5–8–3.5–1(5) requires that an officer in these circumstances who resigns "shall notify the officer, board or court from whom they received their appointment". Crabtree argues that since there is evidence the resignation was

given to the Town attorney, it is invalid. The facts most favorable to Crabtree show that at the April 2 Town Board meeting, in the presence of the Town Board and upon the request of the Town Board attorney speaking for the Board in their presence, Crabtree executed the resignation and gave it to the attorney. Crabtree cites *State ex rel. McGuyer v. Huff,* (1909) 172 Ind. 1, 87 N.E. 141, which holds that a resignation given to an improper body is a nullity, and that a resignation can be withdrawn at any time before its acceptance. *Huff* is distinguishable on its facts, as the situation in that case was clearly delivered to a wrong body. This is not a situation where Crabtree's resignation was delivered to the Town attorney out of the presence of the Town Board or outside the scope of the Town Board's authority. We decline to encumber governmental actions with a holding that official acts are voided because operative documents were executed in a meeting at the Board's request and physically handled by an attorney, clerk, bailiff or other aide of that body. We hold on clear principles of agency law that the acts committed here constitute delivery to a proper body.

■ Crabtree's supplemental argument, also based on *McGuyer, supra,* concerning retraction of his resignation is equally without merit. IND.CODE 5–8–4–1 provides that once a resignation is submitted to the proper office:

: ... the person so submitting such resignation shall have no right to withdraw ... such resignation without the consent of the ... officer, person or persons or authority of government having power by law to fill such vacancy."

This statute enacted in 1945 supercedes *McGuyer, supra,* Crabtree's authority, and we find no error.

*Issue III: Intent.*

■ Again citing *McGuyer, supra,* Crabtree argues that there is an issue of fact whether he ever intended to resign. *Wozniczka v. McKean,* (1979) 144 Ind.App. 471, 247 N.E.2d 215 held:

"If there is a question as to the state of mind, credibility of a witness, or weight of testimony, summary judgment should be denied."

247 N.E.2d at 229.

*See also Petro v. McCullough,* (1979) 179 Ind.App. 438, 385 N.E.2d 1195. *Wozniczka* concerned a five year old child. *Petro* concerned mental retardation. The intent relevant in contract matters is not some private and secret intent or reservation, but the outward manifestation of intent. *Wallace v. Rogier,* (1979) Ind.App., 395 N.E.2d 297. In *Rutter, supra,* a resignation case also decided on summary judgment, the court found requisite intent from the acts.

"... the freedom to contract includes the freedom to contract improvidently or in absence of contravening policy private reservations or mistake will not avoid the result of apparent consent."

438 N.E.2d at 1031.

The evidence of lack of consent most favorable to Crabtree consists at most of his belated statements that he did not want to resign and that he was forced to resign, and his attempt to retract the resignation. These later matters of lack of consent are dealt with elsewhere in the opinion. Crabtree is not arguing that in executing the short, clear, unambiguous resignation he was mistaken as to its content, that his mind was beclouded by strong drink or other intoxicant, or that he intended some other result. It is clear that he intended to execute the resignation, but, quite naturally, he did not want to. He equates his lack of desire with lack of intent. There is a difference. We find no error.

*Issue IV: Conditional.*

■ Crabtree argues evidence in the record reflects that the resignation was conditional. Assuming *arguendo* that such is the case, his argument is meritless under IND.CODE 5–8–4–2. That section, also enacted in 1945, reads in part:

"... any condition in any resignation except as to the time of taking effect of the same shall be null and void".

Again, such statute supersedes Crabtree's cited authorities.

For the above reasons, this cause is affirmed.

Judgment affirmed.

·ROBERTSON and RATLIFF, JJ., concur.