Donald WHEELER, Appellant–Plaintiff,

v.

BALEMASTER, DIVISION OF EAST CHICAGO MACHINE TOOL CORPORATION, Appellee–Defendant.

No. 45A03–9206–CV–188.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1992.

---

Timothy F. Kelly, Sarah J. Moeller, Law Offices of Timothy F. Kelly & Associates, Munster, for appellant-plaintiff.

Kenneth D. Reed, Abrahamson, Reed & Adley, Hammond, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff Donald Wheeler (Employee) appeals the decision of the trial court granting summary judgment in favor of appellee-defendant Balemaster, Division of East Chicago Machine Tool Corporation (Employer).

The facts relevant to the appeal disclose that on March 7, 1983, Employee began working for Employer as a salesperson. At the time Employee started his job, a written incentive plan was in effect which did not allow payment of commissions until after shipment of the order. Employee did not object to the incentive plan; however, he did object when Employer revised the plan to make payment of commissions contingent upon employment with the company. Nevertheless, Employee continued to work for Employer until July 28, 1989, at which time he voluntarily resigned to run a competing business. Employer did not pay Employee for any commissions on orders shipped after he left.

On March 9, 1990, Employee filed a complaint against Employer for the unpaid commissions. Employer filed a motion for summary judgment on October 28, 1991. The trial court held a hearing on the motion on April 14, 1992, after which it took the matter under advisement. On May 21, 1992, the court entered findings of fact granting summary judgment in favor of Employer. This appeal ensued.

■ Although the trial court's entry of findings of fact with its order granting summary judgment was inappropriate, it aids our review by providing us with a statement of reasons for the trial court's actions. See *P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1381 n.

1. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. A court may grant summary judgment only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The existence of a genuine issue of material fact shall not be a ground for reversal on appeal unless such fact was designated to the trial court and is included in the record. This Court will affirm summary judgment so long as the designated evidentiary matter supports a legal theory which supports summary judgment. *Koenig v. Bedell* (1992), Ind. App., 601 N.E.2d 453, 454–455.

■ Employee contends a genuine issue of material fact exists as to whether Employer had modified the original oral employment contract. When Employer first hired Employee, Employer's written incentive plan did not have a provision for payment of incentives after a voluntary resignation. However, several months prior to Employee's voluntary resignation, Employer revised its incentive plan, adding the following sentence as to payment of commissions:

> "Further to the above, should a Regional Manager resign or be severed from the Company, the incentive to be paid will cease with shipments of his last work day."

This Court has held that, when an employer unilaterally changes agreed-upon employment terms, the employee may either (1) accept the changes and continue employment under the new terms or (2) reject the changes and quit work. *Quillen v. Review Bd. of Ind. Emp. Sec.* (1984), Ind. App., 468 N.E.2d 238, 241. Although Employee objected to the revised incentive plan, he continued to work for Employer for over six months before voluntarily resigning; therefore, he must abide by the revised plan.

The trial court's grant of summary judg-

ment in favor of Employer is affirmed.[1]

GARRARD and BAKER, JJ., concur.

1. The trial court's findings of fact indicate that it granted summary judgment on an estoppel theory; however, as stated above, this Court will affirm summary judgment so long as the designated evidentiary matter supports a legal theory which supports summary judgment.