**William WEISER, Appellant (Plaintiff),**

v.

**GODBY BROTHERS, INC., Appellee (Defendant).**

No. 49A02–9410–CV–00612.

Court of Appeals of Indiana.

Dec. 29, 1995.

Rehearing Denied March 1, 1996.

Howard Howe, CPA, Indianapolis, for appellant.

Jeffrey M. Heinzmann, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, for appellee.

## OPINION

SULLIVAN, Judge.

William Weiser (Weiser) appeals the trial court's entry of a partial summary judgment in favor of his former employer, Godby Brothers, Inc. (Godby). Weiser had filed a complaint seeking $12,429.74 in unpaid commissions.[1]

We reverse.

The facts most favorable to Weiser, the non-movant, are that Godby is an Indiana corporation which sells, installs, and maintains heating, ventilation, and air conditioning systems. From late 1990 until November 12, 1992, Godby employed Weiser as a commission salesman. On April 15, 1991, Godby and Weiser executed an agreement entitled "Sales Compensation Plan" (Plan). Record at 8. The relevant portions of the Plan state that Weiser was an employee at will and that Godby would pay him a commission based and calculated upon the gross profit realized by Godby on each job. The Plan states: "It is specifically understood and agreed to by Employer and Employee that no commission will be paid to Employee or credited to Employee's account after the termination of Employee's employment with the Employer." Record at 9. Godby asserts that the Plan "was signed and agreed to by Weiser in return for his continued employment at Godby Brothers." Record at 18. In this regard, Weiser's deposition disclosed that he believed that if he did not sign the agreement he would be fired.

In April 1992, Weiser, on behalf of Godby, submitted a bid on a job in Fordsville, Kentucky with a customer, Medco. Medco accepted the bid. Work was completed on November 12, 1992. Godby had agreed to allow Medco to pay for the project in three installments. Medco had already paid two of the installments when the project was completed. Godby was in the process of billing Medco for the third installment at the time the job was completed.

On November 12, the same day Godby had finished the project, Weiser's employment was terminated. Weiser filed a complaint in Marion Superior Court alleging a balance of at least $12,429.74 due him for commissions earned on the Fordsville project. Godby filed a motion for partial summary judgment addressed to Weiser's complaint. The motion did not address Godby's counterclaim. On June 22, 1994, the court entered judgment granting Godby's motion and denying Weiser relief. Weiser filed a Motion to Correct Error pursuant to Ind.Trial Rule 59 and a Motion for Relief pursuant to Ind.Trial Rule 60(B).

We address only one issue: Whether the trial court erred in granting the partial summary judgment.

---

1. Godby filed a counterclaim alleging entitlement to advances against commissions paid to Weiser. That counterclaim remains pending in the trial court.

The decision of the trial court was based upon *Vector Engineering & Manufacturing Corp. v. Pequet* (1982) Ind.App., 431 N.E.2d 503, *trans. denied.* In *Vector,* the court affirmed a judgment for an employee for withheld sales commissions, holding that if the employer had desired to deny commissions subsequent to an employee's termination, the employer could have so provided "in clear and unambiguous language." 431 N.E.2d at 505. The trial court, in the case before us, found such language in the Plan and therefore granted the summary judgment. In doing so, the court necessarily, if not explicitly, concluded that Weiser signed the Plan freely and voluntarily. Because the conclusion was reached in the context of a summary judgment, it was reached as a matter of law. We hold that the court erred in doing so.

■ In his response to the summary judgment motion, Weiser presented an argument that Godby exerted undue influence in inducing him to sign the Plan. In this regard, Weiser relies upon a statement made by Godby's vice president, who told Weiser, "this is a sales employment contract between Godby Brothers and yourself. Sign it or clean out your desk and you will be fired." Record at 331. Weiser also contends that Godby would not pay him $5,000 in previously earned commissions if he refused to sign. Whether the agreement was entered into freely and voluntarily is a question of fact not determinable by summary judgment. *See Campbell v. Railroadmen's Fed. Sav. & Loan Ass'n.* (1982) Ind.App., 443 N.E.2d 81; *Rutter v. Excel Industries, Inc.* (1982) Ind. App., 438 N.E.2d 1030.

Godby places great emphasis upon the fact that Weiser was an employee at will and could be terminated at any time with or without reason. However, in this case, we are not concerned with the validity of the termination. We are concerned with the validity of the agreement which precluded payment of commissions after termination. Again, under the circumstances of this case, the matter is fact-sensitive and not susceptible to resolution by summary judgment. The matter of undue influence involves the mental state of the person claiming it.

Therefore, it is a question of fact to be resolved by the trier of fact. *First Nat'l Bank of New Castle v. Acra* (1984) Ind.App., 462 N.E.2d 1345; *Plumley v. Stanelle* (1974) 160 Ind.App. 271, 311 N.E.2d 626.

■ Godby claims that as an employee at will, Weiser had the option to either accept the Plan in its tendered form or to reject the Plan and "quit work." Brief of Appellee at 16. Godby correctly cites *Wheeler v. Balemaster Div. of E. Chicago Mach. Tool Corp.* (1992) Ind.App., 601 N.E.2d 447, for this proposition. However, *Wheeler* appears to focus upon the employee at will aspect of the relationship and carries an implication that under such a relationship, the employer does not owe the employee a duty of good faith and fair dealing. As earlier noted, our focus is upon the written sales compensation contract rather than upon Weiser's at will status. Although the contract terms may be wholly unambiguous and, thus, not amenable to a fair dealing requirement, the formulation of that contract is susceptible to a good faith/fair dealing analysis. As stated in *First Fed. Sav. Bank of Indiana v. Key Markets, Inc.* (1990) Ind., 559 N.E.2d 600, 604:

> "There are, of course, equitable principles which might require the court to refuse to recognize the provisions of a contract where there is allegation and proof of fraud, misrepresentation, overreaching, undue influence, unjust enrichment or undue advantage of one party over the other."

The compensation contract here formalized the employment relationship between Weiser and Godby beyond the normal employment at will situation. To this extent, therefore, we do not believe that *Hamblen v. Danners, Inc.* (1985) Ind.App., 478 N.E.2d 926, decided by our First District, is persuasive in its holding that a duty of good faith and fair dealing is not owed by an employer to an employee at will.

In *Prudential Insurance Co. of America v. Crouch* (1985) S.D.Ind., 606 F.Supp. 464, *aff'd,* (1986) 7th Cir., 796 F.2d 477, decided two months before *Hamblen,* the court applied Indiana law to an employment contract case involving an insurance agent's right to commissions and held applicable the implied

covenant of good faith and fair dealing. In doing so, the court relied upon *Restatement (Second) of Contracts* § 205 (1981) to the effect that:

> "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." 606 F.Supp. at 469.

Whether or not Indiana will apply the concept to contracts other than insurance contracts or employment contracts is not the question.[2] The fact remains that we deal here with an employment compensation contract and we deem the *Crouch* decision to be persuasive.

Whether the sales compensation contract was the result of undue influence and whether Godby failed to act in good faith or deal fairly with Weiser are questions of fact which should be decided by the trier of fact.

The partial summary judgment is reversed and we remand the matter of Weiser's commissions for trial along with the issues involved in Godby's counterclaim, which remains pending.

STATON, J., concurs in result and files separate opinion.

FRIEDLANDER, J., dissents and files separate opinion.

STATON, Judge, concurring in result.

The provision of the Sales Compensation Plan signed by Weiser stated that "[i]t is specifically understood and agreed to by Employer and Employee that no commission will be paid to Employee or credited to Employee's account after the termination of Employee's employment with the Employer." Record, p. 9. However, the applicability of this provision in this employment at will context creates an unconscionable advantage in Godby Brothers' favor which is contrary to public policy, rendering this contract term unenforceable. For this reason, I concur in the result reached by Judge Sullivan. ·

Unjust contract provisions created where a party has a superior bargaining position will be deemed unenforceable on the grounds of being contrary to public policy. *Weaver v. American Oil Co.* (1971), 257 Ind. 458, 276 N.E.2d 144, 148, *reh. denied.* Moreover, a contract may be declared unenforceable due to unconscionability when there is a great disparity in the bargaining power which leads the party with the lesser power to sign a contract unwillingly and unaware of its terms. *Nylen v. Park Doral Apartments* (1989), Ind.App., 535 N.E.2d 178, 184, *trans. denied.* In addition, the contract must be one that no sensible person not under delusion, duress, or in distress would make, and *one that no honest and fair person would accept. Id.* (emphasis added).

While Judge Sullivan focuses his analysis on the employment contract and Godby Brothers' duty to act in good faith and fair dealing, I find that application of a termination provision in this employment at will context troublesome on public policy grounds.

The employment at will doctrine rests upon the notion that an employment contract of an indefinite duration is presumptively terminable at will. *Orr v. Westminster Village North, Inc.* (1995), Ind.App., 651 N.E.2d 795, 798, *reh. denied, trans. pending.* Yet, public policy exceptions to the employment at will doctrine have been created to avoid the harshness of the rule. *See McClanahan v. Remington Freight Lines, Inc.* (1988), Ind., 517 N.E.2d 390, 392 (employee at will fired for refusing to commit illegal act had cause of action for wrongful discharge); *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425 (employee discharged for exercising statutory right of filing for worker's compensation had cause of action for retaliatory discharge). *See also Call v. Scott Brass, Inc.* (1990), Ind.App., 553 N.E.2d 1225, *trans. denied* (employee discharged for complying with statutory obligation to appear for jury service had cause of action for retaliatory discharge).

In determining that an exception to the employment at will doctrine should exist when an employer fires an employee for re-

---

**2.** In *Ford Motor Credit Co. v. Garner* (1988) N.D.Ind., 688 F.Supp. 435, the court, applying Indiana law, refused to extend the fair dealing requirement to a contract of guaranty, but noted that "such a duty [of good faith] seems manifestly reasonable." 688 F.Supp. at 443.

fusing to commit an illegal act, the court noted the power the employer has over an employee. *McClanahan, supra,* at 393. The court explained that, in such instances, the employee is left with the choice of losing his job or committing an illegal act, and thus, forces the employee to break the law simply out of financial necessity. *Id.* The court emphasized that "[e]mployers knowing the employees' susceptibility to such threats and the absence of civil retribution, would be prompted to present such an ultimatum." *Id.*

Although Godby Brothers did not force Weiser to engage in illegal conduct as in *McClanahan,* the facts presented here are analogous in that Godby Brothers' imposed an unconscionable condition on Weiser's employment which he was compelled to accept. The record indicates that Weiser was told to either sign the Sales Compensation Plan or be fired. Thus, when Godby Brothers tendered him the Sales Compensation Plan, Weiser had the dubious choice of either accepting continued employment with Godby Brothers on its terms or reject the terms and resign. Weiser signed the Plan and was subsequently terminated after he secured Godby Brothers a job which would have allotted him a high commission.

Enforcement of the termination provision allowed Godby Brothers to terminate Weiser as soon as he earned a commission in accordance with a provision of an agreement which Weiser signed out of the necessity of keeping his job. The provision allowed Godby Brothers to circumvent paying its' employee a high commission by firing that employee prior to payday. Enforcement of this type of provision effectively undermines an employee's sense of job security and desire to succeed, as the employee may become concerned with procuring jobs with potentially high commissions out of fear of being fired prior to being paid. In this context, the termination provision perpetuates the employee's susceptibility to an employer's excessive demands and strengthens an employer's already overwhelming power over employees at will. Public policy warrants an exception to the employment at will doctrine in this instance.

While I acknowledge that exceptions to the employment at will doctrine should be narrowly construed, our courts should be reminded that:

> The employment at will doctrine is not of messianic origin; as so many jurisdictions have recognized, the rule is amenable to adaptation. In most instances, the rule can and should continue to govern this jurisdiction. It should not, however, be applied in circumstances where it serves indirectly to perpetuate and implicitly to condone employers' violations of clearly expressed public policy.

*Campbell v. Eli Lilly & Co.* (1981), Ind., 421 N.E.2d 1099, 1103 (Hunter, J., dissenting to denial of transfer). Compelling Weiser to sign a Sales Compensation Plan which contained a provision that effectively allowed Godby Brothers to terminate his employment instead of paying him an earned commission is such a violation.

For these reasons, I concur in Judge Sullivan's decision to reverse partial summary judgment.

FRIEDLANDER, Judge, dissenting.

I respectfully dissent. It is my view that the trial court properly granted summary judgment inasmuch as the record fails to disclose any evidence that Godby Brothers exerted undue influence upon Weiser.

A contract may be avoided under the doctrine of undue influence when it is procured from one in a situation of distress and necessity by another who stands in a relation of confidence or who is in a situation of advantage. *Day v. Bicknell Minerals, Inc.* (1985), Ind.App., 480 N.E.2d 567. The ultimate issue to be determined by the fact finder is whether the purported victim was deprived of the free exercise of his will. *Bedree v. Bedree* (1988), Ind.App., 528 N.E.2d 1128.

I disagree with the majority's conclusion that an issue of fact remains as to whether Weiser signed the Sales Compensation Plan freely and voluntarily. Weiser's allegations of undue influence are based upon his impression that Godby Brothers would not pay him $5000.00 in previously earned commissions if he refused to sign the contract. As a

matter of law, Weiser's allegation cannot establish undue influence. Undue influence demands the exercise of control by one person sufficient to destroy the free agency of another. *Bedree, supra.* Weiser testified at his deposition that Cochran never stated that Godby Brothers would not pay him, but that such was merely his "impression." *Record* at 333. Weiser was influenced by his own belief, and not by any exercise of control on the part of Godby Brothers.

Weiser also centers his argument around a statement made by Godby Brother's vice president, Chip Cochran. Upon presenting the Sales Compensation Plan to Weiser, Cochran stated: "This is a sales employment contract between Godby Brothers and yourself. Sign it or clear out your desk and you will be fired." *Record* at 331. At the time the Sales Compensation Plan was presented to Weiser, he was an employee at will. Employment at will exists when an employee may be terminated for any or no reason. *Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926. Indiana does not recognize that an employer owes a duty of good faith and fair dealing to an employee at will. *Id.* When an employer unilaterally changes agreed-upon terms of employment, an employee may either accept the changes and continue employment or reject the changes and terminate employment. *Wheeler v. Balemaster* (1992), Ind.App., 601 N.E.2d 447. When the Sales Compensation Plan was presented to Weiser, he had the choice to either accept continued employment with Godby Brothers by its terms or reject the terms and resign. Although the choices Weiser faced were not attractive, the record before us contains no evidence that Godby Brothers constrained Weiser to choose the course of signing the contract. Weiser was an employee at will and Godby Brothers was entitled to terminate Weiser for any or no reason. Had Weiser chosen not to sign the contract and been fired, or had Godby Brothers simply terminated Weiser without presenting the contract to him, the doctrine of employment at will would have barred Weiser from obtaining judicial relief. Since Godby Brothers was entitled to terminate Weiser for any reason, the law cannot support a finding that Godby Brothers exerted undue influence by

giving Weiser a choice, albeit an unappealing one, between termination and signing the contract. I would affirm the judgment of the trial court.