Deborah A. ROBINSON, Med–Search
Plus, Inc., and David R. Dunlap,
Appellants–Defendants,

v.

CENTURY PERSONNEL, INC.,
Appellee–Plaintiff.

No. 49A02–9608–CV–526.

Court of Appeals of Indiana.

March 10, 1997.

Frank C. Capozza, Offer Korin, Katz & Korin, Indianapolis, for appellants.

Robert A. Garelick, Steven M. Crell, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Deborah A. Robinson, a former employee of Century Personnel, Inc. [Century], appeals the summary judgment entered against her on her counterclaim against Century for commissions she asserts she had earned as an employee of Century. Robinson raises three issues, which we restate and consolidate, none of which constitute reversible error.[1]

### FACTS

The facts in the light most favorable to the nonmovant Robinson reveal that she worked as a recruiter for Century, an employment agency, from August of 1991 until June 12, 1995, when she resigned her position. Part of Robinson's compensation included commissions based upon employment placements made.

On June 27, 1995, Century brought the instant lawsuit against Robinson alleging that she had breached the covenant not to compete and the trade secret clause of her employment contract. Robinson counterclaimed alleging that Century had failed to pay certain commissions that had become payable after her termination. This appeal pertains only to the partial summary judgment entered against Robinson on her counterclaim for the unpaid commissions.

In support of its motion for summary judgment, Century designated three separate agreements signed by Robinson which state that an employee does not earn a commission unless the employee is still employed by Century when the placement fee is received by Century. The first such document is styled "CENTURY PERSONNEL OFFER CHECK LIST" and reads in pertinent part as follows:

Commission is not payable by Century until the invoice to the employer has been paid for the placement upon which the commission was earned, and the money has been received by Century.

No commission is payable to an employee who is not employed at the time the invoice is paid and the money has been received by Century.

The second document is styled "CONSULTANT EMPLOYMENT AGREEMENT" and reads in pertinent part as follows:

7. TERMINATION. Either party may at any time terminate employment pursuant to this Agreement without notice. It is specifically understood and agreed to by [Robinson] that no commission will be paid to [Robinson] after termination.

The third document is styled "CENTURY PERSONNEL OPERATIONS MANUAL" and reads in pertinent part as follows:

Consultants at Century are paid when commissions are earned.

Commissions are earned by consultant only when all of the following three (3) conditions are met:

1. Candidate has started work.

2. Full fee payment is received by Century.

3. Consultant is employed by Century when # 1 and # 2 above happen.

Under no circumstances will a consultant be paid if not an employee of Century.

### DECISION

 We begin our analysis by noting that our supreme court has consistently expressed its commitment to advancing the public policy in favor of enforcing contracts. *See Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1129 (Ind.1995). Indiana courts recognize that it is in the best interest of the public not to unnecessarily restrict persons' freedom to contract. *Id.* Thus, as a general rule, the law allows persons of full age and competent understanding the utmost liberty

---

1. Our determination that the trial court correctly entered summary judgment against Robinson on her claim for unpaid commissions obviates the need for us to resolve her third issue, that being whether the commissions constituted wages subject to the provisions of Ind.Code 22-2-5-1 & 2.

in contracting; and their contracts, when entered into freely and voluntarily, will be enforced by the courts. *Pigman v. Ameritech Publishing Company,* 641 N.E.2d 1026, 1029 (Ind.Ct.App.1994); *reh'g denied,* 650 N.E.2d 67 (Ind.App.1995). Accordingly, Indiana has long adhered to the rule that contracting parties may enter into any agreement they desire so long as it is not illegal or contrary to public policy. *Id.* at 1030.

As recently stated in *Stevenson v. Hamilton Mutual Insurance Company,* 672 N.E.2d 467 (Ind.Ct.App.1996):

> In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred.

*Id.* at 470–71 (Citations omitted).

■ The construction of an unambiguous written contract is generally a question of law for the court, making summary judgment particularly appropriate in contract dis-

putes. *Bicknell Minerals, Inc. v. Tilly,* 570 N.E.2d 1307, 1310 (Ind.App.1991), *trans. denied.* If a contract is ambiguous or uncertain and its meaning is to be determined by extrinsic evidence, its construction is a matter for the fact finder. *Id.* If, however, an ambiguity arises because of the language used in the contract and not because of extrinsic facts, its construction is purely a question of law to be determined by the court. *Id.* In interpreting a written contract, the court should attempt to determine the intent of the parties at the time the contract was made as discovered by the language used to express their rights and duties. *Id.* at 1313. The contract is to be read as a whole when trying to ascertain the intent of the parties. *Id.* The court will make all attempts to construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless. *Id.* at 1316. Finally, the court must accept an interpretation of the contract which harmonizes its provisions as opposed to one which causes the provisions to be conflicting. *Id.*

■ As a general rule, a person employed on a commission basis is entitled to her commission when the order is accepted by the employer. *Vector Engineering & Manufacturing Corporation v. Pequet,* 431 N.E.2d 503, 505 (Ind.Ct.App.1982), *trans. denied.* However, this general rule may be altered by a written agreement which clearly demonstrates a different compensation scheme. *Id.* The employer and employee are free to agree that commissions will not be paid after the employee's termination. *Id. Vector* controls.[2] The three documents which govern Robinson's relationship with Century unambiguously provide that no commissions will be paid after termination. Therefore, the trial court's entry of summary

**2.** Robinson argues that the trial court erred by ignoring the recent plurality decision of *Weiser v. Godby Brothers, Inc.,* 659 N.E.2d 237 (Ind.Ct. App.1995), *trans. denied.* In *Weiser,* one judge decided that genuine issues of material fact regarding whether the employment agreement had been procured by undue influence precluded summary judgment. Another judge concurred in result, deciding that an agreement that no commission would be paid after termination was violative of public policy. The third judge dissented, deciding that the employment compensation agreement was enforceable and the employer was appropriately awarded summary judgment. *Weiser,* as a plurality decision, is of no precedential value and is not binding upon either the trial court or this court. *See Johnson v. Harris,* 419 Pa.Super. 541, 615 A.2d 771, 777 (1992); *Chadwick v. Public Service Company of New Mexico,* 105 N.M. 272, 731 P.2d 968, 971 (1986); 20 Am.Jur.2d *Courts,* § 159 (1995). In any event, we agree with the dissent in *Weiser.*

judgment on this issue is correct and we find no error.

Judgment affirmed.

BAKER, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent. For the reasons set forth in both the opinion of Judge Sullivan and the separate concurring opinion of Judge Staton in *Weiser v. Godby Brothers, Inc.*, 659 N.E.2d 237 (Ind.Ct.App.1995), I would reverse the trial court's entry of summary judgment and remand for trial.