FOR PUBLICATION

ATTORNEYS FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

ERIC W. PRIME MICHAEL L. CARMIN

RORI L. GOLDMAN
 
ROBERT T. DREW                  

Hill, Fulwider, McDowell, Funk Andrews, Harrell, Mann, Chapman

   & Matthews   & Coyne, P.C.

Indianapolis, Indiana Bloomington, Indiana

IN THE

COURT OF APPEALS OF INDIANA

CINDY SAMPLE, )

)

Appellant-Plaintiff, )

)

vs. ) No.  53A04-9710-CV-423

)

KINSER INSURANCE AGENCY, INC., )

AND JAMES C. KINSER, )

)

Appellees-Defendants. )

APPEAL FROM THE MONROE CIRCUIT COURT

The Honorable E. Michael Hoff, Judge

Cause No.  53C01-9507-CT-845

October 19, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

Cindy Sample ("Sample") filed a two count complaint against James C. Kinser and the Kinser Insurance Agency (referred to collectively as "Kinser Insurance") alleging breach of contract and fraud.  As to both counts Kinser Insurance countered with a motion for summary judgment which the trial court granted.  Sample now appeals contending the trial court erred in so doing.  We affirm in part and reverse in part.

Kinser Insurance does business in Monroe County and among other things is authorized to write insurance policies for the Erie Insurance Company ("Erie").  In fact Erie represents a large part of Kinser Insurance's business.  Although the record is unclear as to the exact date, at some point Kinser Insurance employed Sample as an agent.  She was paid on a commission basis, the terms and conditions of which were set forth in a written agreement as follows: 

1. There will be a $400.00 minium [sic] commission payable monthly unless commissions are in excess of this, then the commission payment will be made vice the minimum.

2. A 75% commission on new business and renewal will be paid to a maximum period of one year and/or six months, depending on the volumn [sic] of business created.  At a satisfactory amount of production agreed upon between Cindy Sample and James C. Kinser, the commission will then be reduced to Item # 3 below.  It is the intent of this agreement to help the agent achieve a level of personal monetary goals quickly and to help her maintain a productive salary until she gains time in the position and establishes a satisfactory renewal base of business.

3. After the goals of Item #1 and Item #2 are achieved and agreed upon, then Item #3 will take effect.  This agreement changes the commission schedule to a 50/50 basis on new and renewal business with assignment to the Kinser Insurance Agency Inc. and all business will belong to the Corporation.  The Kinser Insurance Agency Inc. will supply and pay all business cards, office expenses, and equipment as required to perform her duties as an agent of this Agency.  Film, gas, and all vehicles expenses are to be supplied by the agent.

R. at 153.  Initially Sample was given binding authority to write policies of insurance for Erie as a subagent of Kinser Insurance.  In April 1995 James Kinser terminated that authority.  The facts are in dispute as to whether Kinser told Sample that Erie was canceling Sample's binding authority or whether Kinser told Sample that Erie was not going to allow her to write anymore business for them.  In any event, relying on Kinser's representation Sample quit her job with Kinser Insurance on April 13, 1995.  Shortly thereafter Kinser Insurance tendered to Sample a check in the amount of $1,402.81.  The amount represented the commissions Sample earned through April 13, 1995.  Sample refused the check contending she was entitled also to receive commissions she had generated prior to termination but which had not accrued until after her termination.  Unable to reach an agreement concerning the commissions, Sample filed a two count complaint against both James C. Kinser and Kinser Insurance.  Count I alleged breach of contract for failure to pay commissions due and owing.  Count II alleged fraud for misrepresenting statements allegedly made by Erie.  Kinser Insurance responded by filing a Motion for Summary Judgment which the trial court granted after a hearing.  In support of its judgment the court entered findings of facts and conclusions of law.  This appeal followed.  

Kinser Insurance pursued summary judgment on Sample's breach of contract claim on the ground that Sample was not entitled to receive commissions after her employment terminated.  The trial court agreed.  The construction of an unambiguous written contract is generally a question of law for the court, making summary judgment particularly appropriate in contract disputes.  
Bicknell Minerals, Inc. v. Tilly
, 570 N.E.2d 1307 (Ind. Ct. App. 1991), 
trans. denied
.  When summary judgment is granted based upon the construction of a contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the ambiguity can be resolved without the aid of factual determinations. 
Mid State Bank v. 84 Lumber Co.
, 629 N.E.2d 909, 914 (Ind. Ct. App. 1994).  

In the case before us the contract unambiguously provides for commissions based on new and renewal business.  Kinser Insurance argued before the trial court, and does so again on appeal, that because the contract made no provision for commissions following her termination Sample was not entitled to them.  In addition, relying on the affidavit of James Kinser, Kinser Insurance argues also that the standard in the insurance industry is that commissions are not paid after a person leaves the employ of an insurance agency. 

Industry standards may be relevant for some purposes but they are not relevant in this case.  Although an employer and employee are free to agree that commissions will not be paid after the employee's termination, the general rule is that a person employed on a commission basis is entitled to those commissions when the order is accepted by the employer.  
Robinson v. Century Personnel, Inc.
, 678 N.E.2d 1268, 1270 (Ind. Ct. App. 1997), 
trans. denied
.  Stated differently a person employed on a commission basis is entitled to commissions on business she has secured even though payment is not received by the employer until a later date.  
Vector Engineering & Mfg. Corp. v. Pequet
, 431 N.E.2d 503 (Ind. Ct. App. 1982).  "This general rule may be altered by a written agreement which clearly demonstrates a different compensation scheme."  
Robinson
, 678 N.E.2d at 1270.  In this case  the written compensation agreement is silent as to whether Sample is entitled to commissions subsequent to her termination as an employee.  Contrary to Kinser Insurance's argument this does not mean that Sample is not entitled to commissions.  Rather, the general rule applies.   We conclude that Sample is entitled to be paid commissions for renewal business she had secured prior to her termination of employment.  These were earned commissions, that is, Sample had done all the work required of her as the agent of Kinser Insurance.  The sales had been consummated, and her right to the commissions had fully accrued, subject only to actual receipt of the premium payments.  The trial court's grant of summary judgment in favor of Kinser Insurance on Sample's breach of contract claim is therefore reversed.

II.

Sample next contends the trial court erred in granting summary judgment in favor of Kinser Insurance on her complaint of fraud.  Before responding to the merits of Sample's contention we first address a procedural matter.  Sample challenges two of the trial court's findings wherein the trial court determined that certain facts concerning Sample's fraud claim were undisputed.  According to Sample the facts are in dispute, they are material, and thus summary judgment on this issue is inappropriate. 

Specific findings entered by the trial court when ruling on motions for summary judgment afford the appellant an opportunity to address the merits of the trial court's rationale.  
Fort Wayne Patrolman's Benevolent Ass'n., Inc v. City of Fort Wayne
, 408 N.E.1295 (Ind. Ct. App. 1980).  The specific findings and conclusions also aid our review by providing us with a statement of reasons for the trial court's actions.  However, they have no other effect.  
Strutz v. McNagny
, 558 N.E.2d 1103 (Ind. Ct. App. 1990), 
trans. denied
. Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the Ind. Trial Rule 56(C) materials properly presented to the trial court.  
Ace Rent-A-Car, Inc. v. Indianapolis Airport Authority
, 612 N.E.2d 1104, 1106 (Ind. Ct. App. 1993), 
trans. denied
.  Our standard of review is the same as it was for the trial court: whether there was any genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law.  
Id.
  Thus, we note Sample's concerns but we proceed to the merits of her claim.

In order to recover on a theory of fraud a plaintiff must demonstrate:  1) a material representation of a past or existing fact which 2) was false, 3) was made with knowledge or reckless ignorance of its falsity, 4) was made with the intent to deceive, 5) was rightfully relied upon by the complaining party, and 6) proximately caused injury to the complaining party.  
Jordan Demolition Corp. v. Jackson
, 657 N.E.2d 450, 452 (Ind. Ct. App. 1995).  Both parties to this action debate whether certain representations James Kinser made to Sample were "existing facts" and whether the alleged existing facts were "false."  However we need not explore the parties' argument on this point because the trial court's grant of summary judgment can be affirmed for another reason.  
See
 
Houin v. Burger by Burger
, 590 N.E.2d 593, 596 (Ind. Ct. App. 1992), 
trans. denied
, (The trial court's ruling on a motion for summary judgment may be affirmed on any theory supported by the evidence of record.).  In her complaint, the only injury Sample seems to allege she suffered as the result of James Kinser's representation was the loss of her employment with Kinser Insurance.  However  Sample was an employee at will.  As such her employment could be terminated by either party at any time for good reason, bad reason, or no reason at all.  
Swan v. TRW, Inc.
, 634 N.E.2d 794, 797 (Ind. Ct. App. 1994), 
trans. denied
. Thus whether James Kinser induced Sample to terminate her employment by resorting to false representations, or whether he terminated her employment without comment, the result is still the same, namely: the loss of employment.  Without more the loss of employment of an at will employee cannot form the basis for the injury the employee allegedly suffered.  We conclude the trial court properly granted summary judgment to Kinser Insurance on this issue.

Judgment affirmed in part and reversed in part. 

HOFFMAN, J., and NAJAM, J., concur.