RUCKER, Justice,
concurring in part and dissenting in part.
I agree with the majority that "[the heart of the present case turns on what truly motivated Judge Danikolas to discharge Magistrate Sakelaris." Op. at 428. And because finding a violation of the Canons at issue here[1] is based in large measure on resolving conflicting testimony and assessing witness demeanor and credibility, I agree there is clear and convincing evidence that Judge Danikolas discharged Magistrate Sakelaris in retaliation for her perceived disloyalty during her deposition in Danikolas I. I write separately however to emphasize that but for Judge Danikolas position as a judicial officer, his actions in this case would not be sanctionable at all.
Indiana follows the doctrine of employment at will. If there is no definite or ascertainable term of employment, then the employment is at will, and is presumptively terminable at any time, with or without cause, by either party[2] Wior v. An *432 chor Industries, Inc., 669 N.E.2d 172, 175 (Ind.1996); Speckhman v. City of Indianapolis, 540 N.E.2d 1189, 1192 (Ind.1989). See also Sample v. Kinser Ins. Agency, Inc., 700 N.E.2d 802, 805 (Ind.Ct.App.1998) (Employment of an at will employee may be "terminated by either party at any time for good reason, bad reason, or no reason at all."). This Court has recognized three exceptions to the employment at will doctrine, only one of which is potentially applicable here. We have recognized a public policy exception to the employment at will doctrine if a clear statutory expression of a right or duty is contravened. For example, we have invoked this public policy exception where an employee was discharged for filing a worker's compensation claim, Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1978) (statutorily conferred right to file a worker's compensation claim), and where an employee was discharged for refusing to commit an illegal act, McClanakhan v. Remington Freight Lines, Inc., 517 N.E.2d 390, 393 (Ind.1988) (duty not to commit an illegal act for which the employee would be personally liable).
In this case the masters concluded that Judge Danikolas terminated Magistrate Sakelaris' employment because of her "truthful" deposition testimony. Masters' Rep. & Ree. at 34, 128. Whether characterized as a duty or a statutory right there is no question that a deponent is obligated to testify truthfully. See Ind.Code § 34-45-1-2 ("Before testifying, every witness shall be sworn to testify the truth, the whole truth, and nothing but the truth."); Ind. Trial Rule 30(C) ("The officer before whom the deposition is to be taken shall put the witness on oath...."). But what is the truthful testimony at issue in this case? The findings of the masters are silent on this point. As the masters point out, Judge Danikolas fired Magistrate Sak-elaris "because she would not say what his attorneys wanted her to say during her deposition." Masters' Rep. & Ree. at 82, €158. Taken in context, however, it is apparent that what Judge Danikolas and his attorneys wanted Magistrate Sakelaris to say was that her understanding of applicable law may have been in error and as a result her order of incarceration for contempt may have been wrong or illegal. Testimony refusing to acknowledge error is not susceptible to being proven true or false. It is simply a statement of one's position. And Indiana law does not protect an employee from discharge in retaliation for taking a position different from that of her employer. See, e.g., Wior, 669 N.E.2d at 177-78 (finding no wrongful discharge where employer fired supervisor for refusing to fire employee who filed a worker's compensation claim).
In essence, by discharging an employee in retaliation for perceived disloyalty and not saying what he wanted the employee to say during a deposition, Judge Daniko-las was acting well within the bounds of Indiana law. However, as the majority points out the Code of Judicial Conduct makes clear that judges are held to a higher standard. "The standard is the [Clode and it is the particular conduct, not the outcome of the litigation, which determines whether or not there is a violation." Op. at 431 (quoting Matter of Wireman, 270 Ind. 344, 351, 367 N.E.2d 1868, 1372 (1977). That Magistrate Sakelaris would likely be unsuccessful in litigating a retaliatory discharge claim under the facts presented here does not absolve Judge Dani-kolas from liability under the Code. I am *433 thus compelled to agree that a sanction is appropriate in this case. However, I disagree that suspension from office without pay for sixty (60) days is warranted. This is far too punitive for conduct that otherwise would merit no sanction whatsoever. In my view a public reprimand is sufficient. On this issue I respectfully dissent.

. The Commission on Judicial Qualifications charged Judge Danikolas with violating Canons 1, 2, 2(B), 3(B)(2), and 3(C)(1) of the Code of Judicial Conduct. It is unclear whether "2" is a scrivener's error and the Commission actually intended to charge "2(A)'. In any event the masters concluded that Judge Dani-kolas violated Canons 1, 2(A), and 3(C)(1). And in his papers before this Court, Judge Danikolas makes no claim that the masters found him in violation of a Canon for which he was not charged. Also, although the majority opinion does not say so in express terms, it implicitly has concluded that the findings of the masters support only a violation of Canons 1 and 2(A).

. There is no dispute that Magistrate Sakelar-is is an employee at will. See Ind.Code § 33- *432 33-45-11 (concerning magistrates appointed for divisions 1, 2, and 3 of the Lake Superior Courts and declaring in relevant part, "A magistrate appointed under this section ... continues in office until removed by the judge that the magistrate serves.").